■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MALACHI HOOK and RUDOLPH BYRD, Appellants.—Two judgments of the Supreme Court, Queens County, one as to defendant Byrd, rendered March 24, 1976, and one as to defendant Hook, rendered March 29, 1976, affirmed. No opinion. This case is remitted to the Supreme Court, Queens County, for further proceedings pursuant to CPL 460.50 (subd 5). Margett, Acting P. J., Shapiro, Titone and Suozzi, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS PEREZ, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered December 12, 1974 (the date on the clerk's extract is April 23, 1975), convicting him of perjury in the first degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law and the facts and as a matter of discretion in the interest of justice, and indictment dismissed. Defendant contends on appeal, as he did at the commencement of trial on October 18, 1974, that the 19-month delay between arraignment and trial constituted a denial of his right to a speedy trial as guaranteed by the Constitution and by statute (see CPL 30.20; Civil Rights Law, § 12). We agree. Almost half the delay, to wit, nine months, occurred when the case was unexplainedly marked "off" the calendar, either at the request or without the objection of the District Attorney. The People call this an "inadvertence" that does not "warrant the drastic measure of dismissal" (citing *People v Taranovich,* 37 NY2d 442, 446). In the circumstances of this case, however, we do not believe that defendant should bear the burden of this "inadvertence". Defendant was a policeman at the time he was accused of perjury in the first degree, allegedly committed when he gave false testimony before a Grand Jury. The Grand Jury was investigating defendant's witness tampering and criminal activity. Three months after the indictment was filed, defendant (prematurely) moved to dismiss for lack of prosecution. The reasons advanced for dismissal, however, were sound. They related to the relative simplicity of the criminal matter and an allegation that the delay was an attempt to force his resignation from the police department. After the case was twice marked "ready and passed", in September and October, 1973, it was marked "off" on November 30, 1973. It was not called again until September 9, 1974. When the trial began on October 18, 1974, defendant again unsuccessfully moved to dismiss on the ground of lack of prosecution. The court observed that the prosecution was then ready to proceed. There is no precise amount of time that measures when an accused's right to a speedy trial has been violated; 11 months has been held fatally long *(People v Wallace,* 26 NY2d 371) and a 27-month delay not excessive *(People v Kelly,* 38 NY2d 633). When all of the factors that bear on the issue are weighed (see *People v Taranovich,* 37 NY2d 442, *supra),* the additional nine-month delay, in the circumstances of this case, must be deemed to tip the scales on the side of unconstitutional delay (cf. *People v Scott,* 56 AD2d 667). Margett, Acting P. J., Shapiro, Titone and O'Connor, JJ., concur.