■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILIP DE

Cicco, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Richmond County, rendered April 21, 1975, convicting him of escape in the second degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, the facts and as a matter of discretion in the interest of justice, indictment dismissed, and case remitted to the Criminal Term for the purpose of entering an order in its discretion pursuant to CPL 160.50. The delay of over seven months from defendant's indictment to the time of trial, during which time he was incarcerated, constituted a denial of his right to a speedy trial (see CPL 30.20). Both sides indicated a readiness for trial in July, 1974, one month after the return of the indictment, and the case was placed on the Ready Day Calendar the following week. The case did not reappear on that calendar until February, 1975, when the District Attorney reaffirmed his readiness. The People argue that defendant could not have been tried during the summer because the court did not try jury cases at that time, and that subsequent delays were due to reorganization of the court. However, trials of nonjailed defendants and civil cases were held while the defendant was incarcerated and awaiting trial. The People cannot be absolved of all responsibility merely because the case was marked "ready" within the statutory period set forth in CPL 30.30. We must conclude that the delay was "either at the request or without the objection of the District Attorney", and that dismissal of the indictment is required (see *People v Perez*, 57 AD2d 560). Hopkins, J. P., Martuscello, Titone and Rabin, JJ., concur.