■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN VIRGIL, Appellant.—Judgment reversed, on the law and the facts, and indictment dismissed. Memorandum: The 22-month delay between defendant's arrest and his trial violated his right to a speedy trial guaranteed by statute (CPL 30.20) and the Constitution (US Const 6th Amend; *Klopfer v North Carolina*, 386 US 213). Defendant was arrested on July 23, 1981. On December 17, 1981 the People announced on the record that they were ready for trial, yet defendant was not brought to trial until May 31, 1983. Examining the factors set forth in *People v Taranovich* (37 NY2d 442, 445), we find that the extent of the delay was excessive *(see, People v Johnson*, 38 NY2d 271; *People v Bryant*, 12 NY2d 719) and that the People failed to establish justification or reasonable excuse for the delay. Although defendant was charged with robbery in the first degree, grand larceny and criminal possession of stolen property, this was a relatively simple case involving no complex legal theories and the evidence and witnesses were available to the People from the outset. Because of his inability to make bail, defendant was incarcerated for almost one year. Further, he claims that he was prejudiced because his alibi witness was rendered more vulnerable on cross-examination because his memory of the events in question was not as vivid as it would have been if he had testified in closer proximity to those events. The People contend that during a portion of this period defendant was being tried on a subsequent indictment. The fact that defendant was tried on a subsequent charge, or even that he was incarcerated on another charge, provides no reasonable excuse for not bringing him to trial on the instant charge *(see, People v Singer*, 44 NY2d 241, 254; *People v Prosser*, 309 NY 353). It is the obligation of the People to bring an accused to trial promptly and this they failed to do *(see, People v Singer, supra; People v Prosser, supra)*

All concur, except Hancock, Jr., J. P., who dissents and votes to affirm in the following memorandum.

Hancock, Jr., J. P. (dissenting). I must disagree. The majority's conclusion that defendant's constitutional right to a

speedy trial (CPL 30.20) has been offended under *People v Taranovich* (37 NY2d 442) presupposes a "22-month delay between defendant's arrest and his trial". To charge the People with 22 months for purposes of the CPL 30.20 analysis under the circumstances here is, in my view, totally unwarranted. On July 24, 1981 defendant was arrested on charges arising out of the alleged knife-point robbery of a homosexual. During the pendency of the charges stemming from this incident, defendant, on October 27, 1981, was arraigned on additional first degree robbery and other charges stemming from a separate but very similar incident involving a homosexual. It was determined that the criminal proceeding resulting from the second robbery incident should proceed first, and trial on these charges was completed approximately six months later on April 28, 1982. Thus, during the 22-month period when the instant charges were pending, there was a period of six months when other unrelated but similar charges were pending against the defendant. It is not suggested that the charges stemming from the two incidents should have been consolidated for trial pursuant to CPL 200.20 and, indeed, it seems apparent that a joint trial would have been prejudicial to the defendant. Once the court and counsel had decided to proceed with the second criminal proceeding first, it is obvious that the charges from the first incident, having been relegated to the second position, had to await their turn. Subtracting from the 22-month delay, the six-month period during which the charges on the second robbery incident were pending and an additional one-month period resulting from an adjournment requested by defendant for purposes of finding an alibi witness, the total period of delay chargeable to the People is at most 15 months. Of this 15-month period, a large portion is unquestionably due to problems caused by court scheduling and assignments. Such delay, although attributable to the State for constitutional speedy trial purposes, weighs less heavily in the equation *(see, People v Watts,* 57 NY2d 299, 303). Neither *People v Singer* (44 NY2d 241) nor *People v Prosser* (309 NY 353), cited by the majority, stands for the proposition that the People should be charged, in making a determination under CPL 30.20, for the period of a necessary postponement of a criminal proceeding while a separate, unrelated and nonjoinable criminal proceeding is following its normal progression through pretrial proceedings, trial and conclusion. I note that in applying the statutory speedy trial rule (CPL 30.30), the court must exclude "a reasonable period of delay resulting from other proceedings concerning the

defendant" (CPL 30.30 [4] [a]; *see, People v Bryant,* 54 AD2d 736). There is no apparent reason why the rationale for excluding such period under CPL 30.30 should not apply with equal force in assessing constitutional speedy trial rights under CPL 30.20.

Nor is it reasonable in applying the *Taranovich* factors to consider as the majority does, that defendant was incarcerated for a period of almost one year due to his inability to make bail on the instant charges. During the 22-month period, defendant's total time in incarceration was 13 months, 18 days. Of this period, only four months was a time when defendant was in jail solely as a result of the instant charges. During the other nine months and 18 days, defendant was either serving his sentence on the other robbery charges or was unable to make the markedly increased bail set as a result of his arrest on those charges.

In my opinion, the trial testimony of the alibi witness was more favorable to defendant than his testimony before the Grand Jury, and defendant has demonstrated no prejudice resulting from the delay *(see, People v Watts,* 57 NY2d 299, 303, *supra).* In sum, in weighing the factors enumerated in *People v Watts (supra)* and *People v Taranovich (supra),* I am compelled to conclude that the motion should not be granted *(see, People v White,* 81 AD2d 486, *cert denied sub nom. Williams v New York,* 455 US 992). (Appeal from judgment of Monroe County Court, Mark, J.—criminal possession of stolen property, second degree.) Present—Hancock, Jr., J. P., Doerr, Denman, O'Donnell and Pine, JJ.