was involved, and the statement was clearly probative. Further, the error in the trial court's charge did not deprive the defendant of a fair trial or contribute to his conviction; it was not preserved for review and we decline to exercise our discretion and reverse the conviction in "the interest of justice" (CPL 470.15 [3] [c]). Finally, the evidence was legally sufficient to support the jury verdict. (Appeal from judgment of Supreme Court, Erie County, Marshall, J.—murder, second degree, and criminal possession of weapon.) Present—Doerr, J. P., Denman, Green, O'Donnell and Schnepp, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v TYRONE BROWN, Respondent. (Appeal No. 1.)—Appeal unanimously dismissed as moot *(see, mem in People v Brown* [Appeal No. 2], 117 AD2d 978). (Appeal from order of Monroe County Court, Mark, J.—dismiss count three of indictment.) Present—Doerr, J. P., Denman, Green, O'Donnell and Schnepp, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE BROWN, Appellant. (Appeal No. 2.)—Judgment unanimously reversed, on the law, defendant's motion granted and indictment dismissed. Memorandum: On October 31, 1982, defendant was arrested and charged with three counts of murder in the second degree, two counts of burglary in the first degree, two counts of unlawful imprisonment and one count of attempted arson. On March 14, 1984, after being incarcerated for over 16 months, and two days after the court denied his speedy trial motion pursuant to CPL 30.20, defendant pleaded guilty to two counts of burglary in the first degree and one count of unlawful imprisonment (the court later dismissed one of the burglary counts). Defendant's appeal is concerned principally with his constitutional right to a speedy trial. We reverse.

"The speedy trial guarantee established by the 6th Amendment to the Federal Constitution and embodied in CPL 30.20 and Civil Rights Law § 12 is intended to ensure fair and humane treatment of an accused person by protecting him or her against prolonged imprisonment while awaiting trial, providing relief from the anxiety and public suspicion that accompanies a criminal accusation which remains untried, and reducing the possibility that through the loss of witnesses or the dulling of memory the means of proving his or her innocence may be lost *(People v Johnson,* 38 NY2d 271, 276; *People v Imbesi,* 38 NY2d 629, 631; *People v Prosser,* 309 NY 353, 356). It also serves the interests of society in seeing that