■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v TYRONE BROWN, Respondent. (Appeal No. 1.)—Appeal unanimously dismissed as moot (see, mem in People v Brown [Appeal No. 2], 117 AD2d 978). (Appeal from order of Monroe County Court, Mark, J.—dismiss count three of indictment.) Present—Doerr, J. P., Denman, Green, O'Donnell and Schnepp, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE BROWN, Appellant. (Appeal No. 2.)—Judgment unanimously reversed, on the law, defendant's motion granted and indictment dismissed. Memorandum: On October 31, 1982, defendant was arrested and charged with three counts of murder in the second degree, two counts of burglary in the first degree, two counts of unlawful imprisonment and one count of attempted arson. On March 14, 1984, after being incarcerated for over 16 months, and two days after the court denied his speedy trial motion pursuant to CPL 30.20, defendant pleaded guilty to two counts of burglary in the first degree and one count of unlawful imprisonment (the court later dismissed one of the burglary counts). Defendant's appeal is concerned principally with his constitutional right to a speedy trial. We reverse.

"The speedy trial guarantee established by the 6th Amendment to the Federal Constitution and embodied in CPL 30.20 and Civil Rights Law § 12 is intended to ensure fair and humane treatment of an accused person by protecting him or her against prolonged imprisonment while awaiting trial, providing relief from the anxiety and public suspicion that accompanies a criminal accusation which remains untried, and reducing the possibility that through the loss of witnesses or the dulling of memory the means of proving his or her innocence may be lost (People v Johnson, 38 NY2d 271, 276; People v Imbesi, 38 NY2d 629, 631; People v Prosser, 309 NY 353, 356). It also serves the interests of society in seeing that

those accused of crime are swiftly brought to justice *(People v Johnson,* 38 NY2d at p 276, *supra)" (People v Anderson,* 66 NY2d 529, 534-535). The responsibility for protecting defendant's constitutional right to a speedy trial rests squarely on the People. "The obligation is on the prosecutor to move the trial promptly and no demand by the accused is required to actuate this obligation" *(People v Minicone,* 28 NY2d 279, 281, *cert denied* 404 US 853).

When a defendant asserts that his right to a speedy trial has been violated, the court is required to examine this claim in light of the following factors: (1) the extent of the delay; (2) the reason for the delay; (3) the nature of the underlying charge; (4) whether or not there has .been an extended period of any pretrial incarceration; and (5) whether or not there is any indication that the defense has been impaired by reason of the delay *(People v Taranovich,* 37 NY2d 442, 445). Taking into consideration the aforementioned factors in attempting to resolve whether defendant's constitutional right to a speedy trial has been denied, we find that the extent of the delay herein was excessive.

There was a delay of over 16 months between the date defendant was arraigned on the indictment and the denial of his speedy trial motion, which led directly to his plea of guilty. At the time of his plea, the People had requested a further postponement of defendant's trial because they desired to expedite other, more pressing priorities. At the argument of defendant's motion pursuant to CPL 30.20, defense counsel presented to the court evidence that several indictments returned later than the one upon which defendant was charged had been brought to trial already. The defendant was incarcerated for the entire period, although all his codefendants were released on bail shortly after arraignment. Although we decline to hold that a 16-month period of delay is per se unreasonable, we find that, under the circumstances presented herein, defendant was denied his constitutional right to be swiftly brought to trial.

The People argue that because the case was complex, involving numerous charges and five codefendants, there was a reasonable excuse for the delay. On our view of the record, this was not a complex case nor were there any unique theories of law involved *(People v Virgil,* 115 AD2d 286). The required evidence and witnesses were available to the People at an early date, as indicated by their readiness to proceed to trial on December 14, 1982, and their continued reaffirmations of readiness throughout all pretrial proceedings.

The People further contend that because defendant had moved for a severance, it was necessary for the court to resolve similar motions by codefendants before defendant's motion could be disposed of. There is no merit to this assertion. Defendant's motion for a severance was made on November 29, 1982. The delay in addressing this motion, under the circumstances presented here, should not be attributed to defendant *(People v Johnson,* 38 NY2d 271, 273, n 2). We fail to perceive anything significant that defendant did to prevent his case from coming to trial. His intermittent motions, mainly concerned with reduction of bail, were consistently denied by the court.

Further, defendant has demonstrated that his defense has been impaired by reason of the delay *(People v Taranovich, supra,* p 445; *People v Virgil,* 115 AD2d 286, *supra).* During the period of his incarceration, a codefendant, who may well have played a principal role in the events which led to the charges against defendant, died. The possibility that defendant was prejudiced by the death of his codefendant is buttressed by the fact that defendant, who was charged with very serious crimes, was allowed to plead to greatly reduced charges.

In view of our determination herein, there is no need to address the People's appeal. (Appeal from judgment of Supreme Court, Monroe County, Mark, J.—burglary, first degree, and unlawful imprisonment, first degree.) Present—Doerr, J. P., Denman, Green, O'Donnell and Schnepp, JJ.