■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM QUINCE, Appellant.—Judgment unanimously affirmed. Memorandum: Considering the seriousness of the crimes charged and the length of the delay, we do not feel

that a 22-month delay between the filing of the felony complaint and the indictment, under the circumstances presented here, deprived defendant of his constitutional right to a speedy trial and due process of law.

Based upon a statement given to the police by a codefendant, defendant was arrested on February 10, 1981, pursuant to a felony complaint charging him with murder in the second degree and criminal possession of a weapon in the second degree in the shooting death of one Arletta Bracy. The statement of the codefendant eyewitness was that defendant shot the victim in the back of the head and he so testified at the preliminary hearing. A pathology report received at the hearing, however, showing the trajectory of the fatal bullet, indicated that the victim was shot through the mouth. Defendant was held over for Grand Jury proceedings. Defendant was incarcerated from the time of his arrest until April 10, 1981, when he was discharged from custody pursuant to CPL 190.80 because the People had failed to timely present the case to the Grand Jury. On November 19, 1982, an indictment was returned charging defendant with one count of murder in the second degree and one count of criminal possession of a weapon in the second degree. Defendant's motion to dismiss the indictment on the ground that excessive preindictment delay had deprived him of his constitutional right to a speedy trial was denied by the court, after which defendant pleaded guilty to manslaughter in the first degree in full satisfaction of the indictment. Defendant's plea was pursuant to *North Carolina v Alford* (400 US 25). On appeal, defendant renews his claim that the delay between the commencement of the action and indictment deprived him of due process of law.

The delay in presenting the matter to the Grand Jury resulted from the prosecutor's view that the disparity between the eyewitness's statement and the medical evidence "would prevent successful prosecution of Quince". Although the investigation remained open, no new evidence was discovered to add to the prosecution's case during the period of delay. Thus, the proof that was available to the People on February 10, 1981 when defendant was arrested was the same on November 19, 1982 when he was indicted, and consisted wholly of the codefendant's statement and testimony and the pathology report.

Among the primary purposes of the speedy trial principle are the prevention of the accused's loss of ability to defend through lapse of time, memory or witnesses, and the release from anxiety and public suspicion involved in unresolved

criminal charges *(see,* Bellacosa, Practice Commentary, Mc-Kinney's Cons Laws of NY, Book 11A, CPL 30.20, p 132). More specific and critical to a determination of whether defendant's rights to a speedy trial and due process have been violated are the factors to be balanced against these rights, set forth in *People v Taranovich* (37 NY2d 442). Briefly stated, the critical factors are: (1) the extent of the delay complained of; (2) the reason for the delay; (3) the nature of the underlying charge; (4) whether there has been an extended period of pretrial incarceration; and (5) whether the defense has been impaired because of the delay *(People v Taranovich, supra,* p 445).

Balancing defendant's right to prompt prosecution after considering these factors, we hold that defendant has failed to demonstrate that his constitutional rights have been violated. Firstly, there is no per se period under New York law beyond which criminal prosecution may not be pursued (barring, of course, any Statute of Limitations not applicable here). Furthermore, the delay in handing up the indictment here is not the product of a conscious attempt by the prosecution to impede defendant in preparation of his defense, but, rather, was largely prompted by the belief that the factual discrepancies in the proof would impede conviction. This is not a case of "[s]heer neglect or trifling" on the part of the People, condemned in *People v Staley* (41 NY2d 789, 792).

Of critical consideration in this case is the serious nature of the underlying charge. Defendant was arrested on a charge of second degree murder, a class A-1 felony, and criminal possession of a weapon in the second degree, a class C violent felony. He was subsequently indicted for these same crimes. "Of course, this is not to say that one's right to a speedy trial is dependent upon what one is charged with, but rather that the prosecutor may understandably be more thorough and precise in his preparation for the trial" of a very serious felony charge than he would be for a lesser violation *(People v Taranovich, supra,* p 446). Although the delay between arrest and indictment of defendant did not add to the strength of the prosecution's case, neither did it enhance the burden placed upon defendant. The fact that criminal charges continued to hover over him does not, in and of itself, demonstrate a deprivation of due process.

Nor was defendant subjected to an extended period of pretrial incarceration. "Historically, this factor has been considered significant because the speedy trial guarantee affords the accused a safeguard against prolonged imprisonment prior to the commencement of his trial" *(People v Taranovich,*

*supra,* p 446; *see also, People v Brown,* 117 AD2d 978; *People v Virgil,* 115 AD2d 286). Over the 22-month period between his initial arrest and his indictment, defendant was incarcerated for approximately two months. This short period of confinement did not impede defendant in the preparation of a defense or limit his ability to gather evidence or contact prospective witnesses *(People v Taranovich, supra).* Indeed, the facts as disclosed by this record indicate that the case against defendant consisted of medical testimony and one crucial witness, his codefendant. From the time of his original arrest to his indictment, the proof was unchanged and defenses available to defendant at the time of his indictment and plea were the same as at the time of his original arrest. Thus, the likelihood of defendant's acquittal was not affected by the delay *(People v Taranovich, supra,* p 447).

Reviewing all the factors which could reasonably be considered as supporting his constitutional argument, we conclude that defendant has failed to demonstrate that his right to a speedy trial and due process of law has been violated. We have considered the other issues raised by defendant on this appeal and find them to be without merit. (Appeal from judgment of Erie County Court, Forma, J.—manslaughter, first degree.) Present—Doerr, J. P., Boomer, Green, O'Donnell and Pine, JJ.