■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN AUCTER, Appellant.—Judgment unanimously affirmed. Memorandum: On appeal from a judgment of conviction for

criminal possession of stolen property in the second degree (Penal Law § 165.45 [1]), defendant's primary claims are that his statutory and constitutional rights to a speedy trial were violated. We disagree. The action was commenced on June 5, 1981 with the filing of the felony complaint. The People announced their readiness for trial on January 21, 1982. Although this period exceeds the six months required by statute (CPL 30.30 [1] [a]), much of this time is not chargeable to the People because the defendant requested several adjournments (CPL 30.30 [4] [b]) and failed to appear in court on at least one scheduled date (CPL 30.30 [4] [c]).

We also conclude, in consideration of the factors set out in *People v Taranovich* (37 NY2d 442), that defendant's constitutional right to a speedy trial was not violated. The delay was caused, in part, by defendant's numerous requests for adjournments and the pendency against defendant of two other violent felony indictments which were the subject of several court appearances during the period in question. Although defendant was incarcerated during the period of delay, part of his confinement was the result of his conviction and sentence on one of the violent felony charges. On this record we conclude that defendant was not denied due process of law *(see, People v Quince,* 119 AD2d 981).

Defendant's remaining claims are without merit. The evidence was sufficient to support the verdict if the jury believed the People's witnesses, particularly the arresting officer who testified that defendant claimed he owned the stolen property. Defendant's motion to suppress was properly denied because the police first observed the physical evidence in plain view in an open closet in the motel room where the police were executing an arrest warrant on defendant's brother and defendant did not object to the officer noting the serial numbers of the property. Accordingly, we need not address the People's claim that defendant lacked standing and, in any event, note that it was not raised below and should not be considered for the first time on appeal *(see, People v Johnson,* 64 NY2d 617, 619, n 2; *People v Dodt,* 61 NY2d 408, 416). Finally, the court's charge on defendant's flight was in accord with case law *(see, People v Yazum,* 13 NY2d 302; *People v Leyra,* 1 NY2d 199). (Appeal from judgment of Monroe County Court, Cornelius, J. —criminal possession of stolen property, second degree.) Present—Callahan, J. P., Denman, Boomer, Green and Balio, JJ.