■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES WASHINGTON, Also Known as JAMES WATSON, Appellant. Memorandum: Defendant contends that he was denied his constitutional right to a speedy trial (CPL 30.20). Analysis of that contention employing the five factors set forth in *People v Taranovich* (37 NY2d 442, 445) leads to the conclusion that defendant's claim is without merit. Defendant was brought to trial 13 months after

his arrest. Although defendant was indicted on relatively simple burglary and larceny charges, the record reveals that the primary reasons for the delay were defendant's requests for adjournment and adjournments made necessary by defendant's motions. Defendant's incarceration for most of the period was attributable to his being held on a parole detainer and thus should be excluded in calculating the length of his pretrial incarceration *(see, People v Aucter,* 122 AD2d 535). Finally, defendant has shown no prejudice as a result of the delay. His allegation that the memory of his defense witness was possibly impaired is belied by the record. She testified favorably to defendant, without evidence of failure of memory.

Although it was error for the court to refuse to grant defense counsel's request to charge the jury that reasonable doubt could be found in a lack of evidence *(see,* 1 CJI [NY] 6.20 pp 249, 251; *People v Owens,* 97 AD2d 855, 856, *revd on other grounds* 63 NY2d 824), such error is amenable to harmless error analysis *(see, People v Ostin,* 62 AD2d 1004). Here, where the evidence established that defendant was surprised inside the burglarized premises by the homeowner and held by him until the arrival of the police, the evidence of guilt was overwhelming and the error is rendered harmless. (Appeal from judgment of Monroe County Court, Celli, J.—attempted burglary, second degree.) Present—Denman, J. P., Boomer, Green, Pine and Balio, JJ.