■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL TRAVIS, Appellant.—Judgment unanimously reversed on the law and new trial granted. Memorandum: CPL 300.10 (2) provides that "[u]pon request of a defendant who did not testify in his own behalf, *but not otherwise,* the court must state that the fact that he did not testify is not a factor from which any inference unfavorable to the defendant may be drawn." (Emphasis added.) The Court of Appeals has said that the statute does not establish an absolute prohibition against the court exercising its discretion to submit the "no inference"

charge in the absence of a request by the defendant, but that this discretion should rarely be exercised *(People v Vereen,* 45 NY2d 856, 857). Later the court indicated that the statute did establish such a prohibition. In *People v Koberstein* (66 NY2d 989, 990), referring to CPL 300.10 (2), it said, "[t]his rule *prohibiting* a 'no inference' charge absent the defendant's request applies to instructions given during the voir dire *(see, People v Boyd,* 53 NY2d 912, *affg* 74 AD2d 647)." (Emphasis added.)

Here, defense counsel told the court that he was not requesting a no inference charge, but the next day, through inadvertence, the court gave such a charge. Whether the statute is interpreted to prohibit the court from giving the charge in the absence of a request or to permit the court to exercise its discretion, but only in rare instances, the court erred. Here, there were no exceptional circumstances justifying the exercise of discretion. Furthermore, we cannot apply the harmless error doctrine because the proof of guilt was not overwhelming *(see, People v Vereen, supra,* at 857; *People v Crimmins,* 36 NY2d 230, 237).

The court also erred in refusing defendant's request to charge the jury that reasonable doubt could be found in a lack of evidence *(see, People v Washington,* 124 AD2d 982, *lv denied* 69 NY2d 718).

In view of our conclusion that there must be a reversal and a new trial, we decline to reach defendant's remaining contention which was not preserved for appellate review. (Appeal from judgment of Supreme Court, Monroe County, Bergin, J. —sexual abuse, first degree.) Present—Callahan, J. P., Doerr, Boomer, Green and Pine, JJ.