■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OTIS WILLIS, Appellant.—Judgment unanimously reversed on the law and indictment dismissed. Memorandum: The four-year delay between commencement of this prosecution and defendant's entry of a plea of guilty denied defendant his constitutional right to a speedy trial *(see,* CPL 30.20; *People v Blakley,* 34 NY2d 311; *People v White,* 32 NY2d 393). Weighing, as we must, the factors set forth in *People v Taranovich* (37 NY2d 442, 445), we conclude that the delay was "indisputably excessive" *(People v White, supra,* at 398, n 5).

Defendant's first motion to dismiss on this ground was denied two years after indictment. His second such motion was denied on the day he entered his plea. The People argue that the delay resulted from court congestion, the absence of defendant from the jurisdiction, and the need to assign several different attorneys to represent him. While those explanations offer some support for part of the delay we see here, they cannot be accepted as justification for the People's failure to

have attended to the prosecution of this indictment. The record demonstrates that there were lengthy periods of delay for which the People offer no explanation. The case is relatively simple and uncomplicated; it did not require unusual attention or complex preparation to ensure its prompt disposition *(cf., People v Lomax,* 50 NY2d 351, 358).

In view of the unjustified delay in prosecuting this case, it is unnecessary to pass upon defendant's claim of prejudice *(see, People v Staley,* 41 NY2d 789, 792). (Appeal from judgment of Monroe County Court, Celli, J.—criminal possession of weapon, third degree.) Present—Dillon, P. J., Doerr, Boomer, Lawton and Davis, JJ.