■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM J. HAYES, Appellant.—Judgment unanimously reversed on the law and new trial granted. Memorandum: It was error for the trial court, in the absence of a request by defendant, to charge the jury that no unfavorable inference should be drawn from the defendant's failure to testify *(see,* CPL 300.10; *People v Koberstein,* 66 NY2d 989, 990; *People v Vereen,* 45 NY2d 856, 857). Furthermore, since the proof of defendant's guilt was not overwhelming, harmless error analysis is not applicable *(see, People v Travis,* 134 AD2d 868). The trial court also erred in admitting, over defense counsel's objection, testimony from a witness regarding defendant's involvement in a plot to kill the witness's father. That testimony was admitted by the trial court to provide the jury with the contextual setting for defendant's statement that he had previously killed a barmaid named "Sandra". Although that unrelated testimony may have assisted the jury by providing the context for the statement, it was inadmissible because it was not necessary for the jury to comprehend the admissible statement *(see, People v Ely,* 68 NY2d 520, 531; *People v Ward,* 62 NY2d 816, 818). In view of our conclusions, defendant's conviction must be reversed and a new trial granted.

We have reviewed defendant's remaining contentions and find them to be without merit. (Appeal from judgment of Erie County Court, Drury, J.—murder, second degree.) Present—Doerr, J. P., Boomer, Pine, Balio and Lawton, JJ.