■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFRED CHARLES, Also Known as AL SMITH, Appellant.—Levine, J. Appeal from a judgment of the County Court of Rensselaer County (Harris, J.), rendered May 29, 1990, upon a verdict convicting defendant of the crime of conspiracy in the second degree.

The primary issue on this appeal is whether defendant was denied his constitutional right to a speedy trial (see, US Const 6th Amend; CPL 30.20; Civil Rights Law § 12). The relevant

procedural history of the case against defendant is as follows. Defendant was arrested on October 4, 1986 for criminal possession of a controlled substance in the Town of East Greenbush, Rensselaer County, in connection with a multicounty drug investigation. Later that same month, a Rensselaer County Grand Jury handed up an indictment charging defendant with one count of criminal possession of a controlled substance in the first degree and, with seven codefendants, conspiracy in the second degree. In December 1986, defendant made an omnibus motion in which he moved to suppress certain physical evidence. A decision on the omnibus motion, in which County Court ordered a suppression hearing, was rendered on February 24, 1987.

A joint suppression hearing with various codefendants commenced on January 7, 1988 and ended about six weeks later. Defendant and his codefendants asked that the suppression hearing minutes be transcribed, that they each receive a copy of the transcript and that they be afforded an opportunity to submit memoranda of law following such receipt. The transcript of the suppression hearing, comprising some 2,000 pages, was not completed until February 22, 1989, over a year after defendant's request. Meanwhile, in November 1988, defendant made the first of two unsuccessful motions to dismiss the indictment against him on the ground that he had been denied a speedy trial. County Court gave defendant and the codefendants 30 days to file their memorandum of law in favor of suppression following receipt of the hearing transcript. Having not received any submissions by any defendant for three months, County Court rendered a decision on May 23, 1989 denying the motions to suppress. Defendant thereafter made his second unsuccessful motion to dismiss the indictment in February 1990. Defendant's trial commenced May 2, 1990 and concluded two days later with a jury verdict acquitting him of the count charging him with possession of a controlled substance but convicting him of conspiracy.

In resolving defendant's claim of denial of his constitutional right to a speedy trial, we apply the five factors enunciated in *People v Taranovich* (37 NY2d 442), i.e., "(1) the extent of the delay; (2) the reason for the delay; (3) the nature of the underlying charge; (4) whether or not there has been an extended period of pretrial incarceration; and (5) whether or not there is any indication that the defense has been impaired by reason of the delay" *(supra,* at 445). Applying these factors to the foregoing chronology of defendant's case leads us to conclude that defendant was denied his constitutional right to

a speedy trial. A period of 43 months elapsed between defendant's arrest and his trial. Such an exceptionally protracted delay puts the burden squarely on the prosecution to establish good cause therefor (see, People v Singer, 44 NY2d 241, 254). The critical delays here were the nearly one-year gap between the decision on defendant's omnibus motion and the commencement of the suppression hearing, the approximately 15 months between the conclusion of the suppression hearing and County Court's determination of the motions to suppress, and the additional period of one year between County Court's determination and the start of defendant's trial.

As to the delay between County Court's resolution of defendant's omnibus motion and the holding of the suppression hearing, the prosecution's only explanation as set forth in its response to defendant's first motion to dismiss was that, because some of the codefendants "did not make any motions until the Fall of 1987, it was difficult to coordinate all parties involved to schedule a time that was convenient to all". In view of the severely limited time constraint under CPL 255.20 for the making of an omnibus motion, the prosecution's conclusory explanation, based upon the apparent dilatory tactics of the codefendants and the difficulty in scheduling a "convenient" time for a hearing, does not, in our view, meet the burden of demonstrating good cause.

We likewise reject the prosecution's contention that the second significant, unproductive time interval, the approximately 15 months from the conclusion of the suppression hearing to County Court's decision denying the motions to suppress, is entirely chargeable to defendant. Of this period, 12 months were consumed by the delay in preparation of the hearing transcript. The People contend that this delay is attributable to defendant because his counsel requested the transcript with awareness of the court reporter's backlog of transcripts due for appeals and other proceedings. We disagree. Defendant, an indigent, had an absolute right to be furnished with the transcript of the minutes of the suppression hearing upon a timely request (see, People v Sanders, 31 NY2d 463, 466; cf., People v Coleman, 178 AD2d 842). Defendant could not be compelled to give up his right to the transcript at the risk of forfeiting his right to a speedy trial. Accordingly, the reporter's tardiness in completing the suppression hearing transcript due to a backlog of work falls within the general category of delay caused by insufficient court facilities or personnel which, while weighing less heavily against the prosecution, nevertheless is chargeable against the

State (see, People v Johnson, 38 NY2d 271, 279; People v Moore, 63 AD2d 602, 604 [Sandler, J., dissenting], revd on dissenting mem below 47 NY2d 872). Thus, the only delay in this period caused by defendant was the three months following the completion of the hearing transcript when his memorandum of law was due, before County Court decided the motions to suppress.

The prosecution has submitted even less justification for the nearly one year of inactivity on defendant's case following County Court's denial of the suppression motions until the start of defendant's trial. Indeed, the only efforts by the People to dispose of defendant's case during that hiatus, as reflected in the record, were the making of two plea offers to defendant, the last of which was followed within one week by defendant's second speedy trial dismissal motion.

The prosecution attempts to justify the delay here by reason of the seriousness of the charges, constituting A-I and B felonies, and the complications arising out of prosecuting a joint indictment against multiple defendants. Both of these considerations weigh as a factor only insofar as they demonstrate the need for the prosecution to proceed more deliberately in preparing for trial (see, People v Taranovich, supra, at 446). However, the force of the prosecution's argument in this regard is largely undercut by its early declaration of readiness for trial and the fact that the trial itself was completed within a matter of only several days (see, People v Johnson, supra, at 277).

Weighing heavily against the prosecution is the fact that defendant was incarcerated for the first 41 of the 43 months between his arrest and trial, until he was released on his own recognizance. Our research discloses only one case where the courts have rejected a speedy trial objection on behalf of a defendant whose period of pretrial incarceration was even close to that of defendant here (see, People v Mullins, 137 AD2d 227, lv denied 72 NY2d 922 [29 months]). In People v Mullins (supra), however, a significant portion of the total period was consumed by proceedings on the prosecution's meritorious appeal from a suppression order (see, supra, at 228-229).

Finally, although we agree with the People that defendant's claim of prejudice (i.e., the disappearance of character witnesses) is somewhat weak and speculative, this factor is of the least significance in the instant case. As previously demonstrated, the People have failed to show good cause for a very substantial portion of the 43 months between defendant's

arrest and trial. An unjustified delay of this magnitude obviates any need on the part of defendant to show prejudice (see, People v Staley, 41 NY2d 789, 792; People v Willis, 149 AD2d 953, 954, lv denied 74 NY2d 854).

Because consideration of the Taranovich factors clearly weighs in support of defendant's claim that he was denied his constitutional right to a speedy trial, his conviction must be reversed and the indictment dismissed.

Weiss, P. J., Mercure and Mahoney, JJ., concur. Ordered that the judgment is reversed, on the law, and indictment dismissed.