■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VERNON NELSON, Also Known as VERNON MURPHY, Appellant. [603 NYS2d 57] —Mercure, J. Appeal from a judgment of the County Court of Rensselaer County (Harris, J.), rendered June 13, 1990, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the first degree and conspiracy in the second degree.

The primary issue on this appeal, as in the case of codefendant Alfred Charles *(see, People v Charles,* 180 AD2d 868), is whether the People have met their obligation to provide the accused with a speedy trial as guaranteed by statute (CPL 30.20; Civil Rights Law § 12) and the Federal Constitution (US Const 6th Amend).

Defendant was arrested on October 4, 1986 for criminal possession of a controlled substance and, two weeks later, a

Grand Jury handed up an indictment charging defendant with criminal possession of a controlled substance in the first degree and, with seven codefendants, conspiracy in the second degree. In December 1986, defendant made an omnibus motion in which he moved to suppress certain physical evidence and statements. Although County Court ordered a suppression hearing on February 24, 1987, a joint hearing with codefendants did not commence until January 7, 1988 and finally ended on February 16, 1988. Defendant requested that the hearing minutes be transcribed and a transcript of the suppression hearing was delivered to defendant in February 1989. County Court denied defendant's suppression motion on May 23, 1989. Meanwhile, defendant was incarcerated from the time of his arrest until he was admitted to bail on February 19, 1988. As the result of an apparently unrelated parole violation, defendant was again placed in custody during January 1989 and remained incarcerated until his trial in April 1990. In September 1987, defendant unsuccessfully moved *pro se* to dismiss the indictment because his constitutional right to a speedy trial had been denied. Trial commenced on April 23, 1990 and concluded a few days later with a jury verdict convicting defendant on both counts charged in the indictment.

In *People v Charles (supra,* at 870), we dismissed the indictment, holding that "[t]he critical delays * * * were the nearly one-year gap between the decision on defendant's omnibus motion and the commencement of the suppression hearing, the approximately 15 months between the conclusion of the suppression hearing and County Court's determination of the motions to suppress, and the additional period of one year between County Court's determination and the start of defendant's trial". We also determined that the People did not demonstrate good cause for the delays, nor were they justified by reason of the seriousness of the charges, given the People's "early declaration of readiness for trial and the fact that the trial itself was completed within a matter of only several days" *(supra,* at 871). While there are some factual differences between Charles' circumstances and those of defendant, their situations are sufficiently similar to suggest that our decision in *Charles* is equally applicable to defendant. The extent and reason for the delay, the nature of the underlying charges and the length of the trial are nearly identical in both cases and weigh against the People *(see, People v Taranovich,* 37 NY2d 442, 445).

We reject the People's argument that the period of defen-

dant's pretrial incarceration meaningfully distinguishes this case from *Charles (supra)*. Unlike Charles, who was incarcerated for 41 of the 43 months between his arrest and trial, defendant was admitted to bail after he had been incarcerated for 16 months and was again incarcerated for an additional 15 months before trial only as a result of a parole violation. Nonetheless, 16 months of pretrial incarceration is itself significant and, while there is no per se rule, similar or lesser periods of pretrial incarceration have been found to offend CPL 30.20 *(see, People v Johnson,* 38 NY2d 271 [18 months]; *People v Wallace,* 26 NY2d 371 [11 months]; *People v Brown,* 117 AD2d 978 [16 months]; *People v Virgil,* 115 AD2d 286 [12 months]; *People v De Cicco,* 62 AD2d 1001 [7 months]). Further, although the period of incarceration occasioned by the parole violation weighs less heavily against the People *(see, People v Coleman,* 178 AD2d 842, 843, *revd on other grounds* 81 NY2d 826; *People v Suarez,* 80 AD2d 658, 659, *affd* 55 NY2d 940), in our view it still may be considered, particularly where, as here, defendant is incarcerated 150 miles from his attorney *(see, People v McLaurin,* 38 NY2d 123; *People v Prosser,* 309 NY 353, 356; *People v Virgil, supra)*. Finally, more significant than the period of pretrial incarceration is the fact that "the People have failed to show good cause for a very substantial portion of the [3½ years] between defendant's arrest and trial" *(People v Charles,* 180 AD2d 868, 871-872, *supra; see, People v Staley,* 41 NY2d 789; *People v Willis,* 149 AD2d 953, 954, *lv denied* 74 NY2d 854).

Because consideration of the *Taranovich* factors weighs in favor of defendant's claim that he was denied his constitutional right to a speedy trial, his conviction must be reversed and the indictment dismissed. In view of our determination herein, there is no need to address defendant's other contentions.

Weiss, P. J., Mikoll and Mahoney, JJ., concur. Ordered that the judgment is reversed, on the law, and indictment dismissed.