■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARSENIO SANTIAGO, Appellant. [618 NYS2d 925] —Mikoll, J. P. Appeal from a judgment of the County Court of Sullivan County (Kane, J.), rendered June 14, 1993, convicting defendant upon his plea of guilty of the crime of manslaughter in the second degree.

The issue before us is whether the 67-month delay in the prosecution of defendant impaired his constitutional right to

due process by denial of a speedy trial (see, US Const 6th Amend; CPL 30.20; Civil Rights Law § 12). The relevant facts of the case against defendant are as follows. Defendant was arrested and arraigned on July 28, 1987 and charged with felony murder. He was indicted on four counts of felony murder in the second degree, robbery in the first degree, burglary in the first degree and manslaughter in the second degree by indictment dated and filed September 2, 1987. He was arraigned on September 4, 1987 and pleaded not guilty. The People filed a notice of readiness for trial on September 16, 1987, September 21, 1987 and again on October 14, 1987. On October 28, 1987, defendant made his omnibus motion which was responded to by the People on November 10, 1987 and denied in toto by County Court on November 23, 1987. The case was set for trial on November 14, 1988 by the court. Thereafter, the case was adjourned by the court to March 5, 1990, April 2, 1990, April 16, 1990 and early May 1990. On March 16, 1990, the District Attorney indicated his desire to the court to move two other cases to trial before that of defendant. The defense concedes that it was not ready for trial during March, April or May 1990. On March 3, 1990, defendant filed a notice of alibi. A supplemental notice of alibi was filed April 19, 1990.

On June 28, 1990, defendant made his first motion to dismiss pursuant to the 6th Amendment alleging that his case had not been tried in turn, that the case had been pending 35 months, that his case was listed fourth on the trial calendar since the second term of 1989 and first, second, third or fourth every subsequent term, and that despite this position on the calendar other cases were heard out of order. Defendant alleged, in an unsworn affidavit, prejudice in the loss of a witness and an increase in the severity of his treatment in jail since these charges were placed against him. Defendant also demanded a speedy trial.

The District Attorney's reply affidavit indicated that County Court set the order of trial and that delays were not attributable to its office. The District Attorney ascribed the delay to a court policy of hearing jail cases first because defendant would have to remain in State prison in any event, on other charges, until 2029. The District Attorney also ascribed delay due to the difficulty of obtaining witnesses located in various prisons.

County Court (Harris, J.) denied the motion on July 23, 1990, finding that the delay was not attributable to either party. The court noted that defendant did not object to the delays. The court indicated that an immediate conference

would be held to set an early trial date. Defendant submitted an application for transport of witnesses, filed July 26, 1990, which remained unsigned by the court. The matter was set down for trial on September 10, 1990. Defendant renewed a prior request contained in his omnibus motion to secure a list of the People's witnesses and certain *Brady* material and advised the court that a certain motion dated April 18, 1990 remained unresolved. Defense counsel again demanded a speedy trial. On March 20, 1991, the matter was set down by County Court for a conference with no subsequent activity for the next two years. The case was set down for trial on March 15, 1993. Again, transport orders for witnesses were submitted to County Court.

A second motion for dismissal for failure to give defendant his constitutional speedy trial was made returnable on February 22, 1993. Defense counsel submitted a signed affidavit alleging, *inter alia,* that one witness, Frank Santiago, was not to be found, that this matter had been first on the trial calendar for the past three years, that defense counsel personally had tried or resolved 30 or more cases after defendant's on the trial calendar in this time and that 67 months had elapsed since the inception of the matter. The District Attorney in reply contended that he had not delayed in bringing the case to trial and averred that the delay was attributable to the difficulty in arranging for the availability of witnesses. By decision and order dated March 17, 1993 County Court (Kane, J.) denied the motion, noting that defendant had not objected to the adjournments and that neither the District Attorney nor the defense were responsible for the delay. On March 13, 1994, defendant entered his plea of guilty to manslaughter in the second degree in an *Alford* plea and was sentenced on June 14, 1994 to a prison term of 3 to 6 years.

On this appeal, defense counsel urges that under the factors announced in *People v Taranovich* (37 NY2d 442) and *Barker v Wingo* (407 US 514) the judgment should be reversed and dismissed for failure to afford defendant a constitutional speedy trial *(see,* US Const 6th Amend; Civil Rights Law § 12; CPL 30.20). Applying the *Taranovich* factors to the foregoing chronology leads us to conclude that defendant was denied a speedy trial. A 67-month delay elapsed from arrest to plea. Such protracted delay requires the prosecution to establish good cause therefor *(see, People v Charles,* 180 AD2d 868, 870; *see also, People v Singer,* 44 NY2d 241, 254). The critical delays here were as follows. After defendant's omnibus motion was denied on November 23, 1987, the case was set down for

trial a year later, to November 14, 1988, with no explanation for so extensive an adjournment and, also, inexplicably adjourned again to March 5, 1990, another 16-month delay. At this point, the District Attorney indicated that he wished to try two other cases before defendant's case. We note that the defense was not ready for trial for a brief period from between April and May 1990. A notice of alibi was filed for defendant on March 30, 1990 and amended April 9, 1990 and was finally resolved by County Court on March 18, 1991 when a motion for preclusion of the alibi testimony was denied. County Court then again adjourned the case for two more years to March 15, 1993.

We find unsatisfactory the People's response to defendant's first motion to dismiss, made when the case was undisposed of for 35 months. None of the People's explanations demonstrate good cause for the delay. The People's failure to move the case to trial is further compromised by the District Attorney's letter requesting trial of two other cases before defendant's case while contending that he was ready for trial.

The District Attorney has produced even less justification in his reply to defendant's second motion to dismiss for delay in prosecution made on February 9, 1993, a delay of 61 months, in which he generally denied that any delay had been attributable to him and once again reiterated that it was County Court's policy to try jail cases first and that defendant's incarceration on another matter to the year 2029 was determinative of County Court's decision to try other cases even though defendant's case continued to be the first one on the docket. The District Attorney generally denied any prejudice to defendant.

Weighing heavily against the prosecution is the extensive delay, defendant's continued incarceration and the anguish of not having the matter resolved. Defendant's imprisonment on other charges is not a valid reason for delay (see, People v Nelson, 197 AD2d 744). Waiting for defendant to complete a current sentence produces hardship, including the inability to prepare his case because of incarceration, the foreclosure of the possibility of a concurrent sentence and the undermining of rehabilitation (see, People v Winfrey, 20 NY2d 138, 141). Even should we agree that defendant's claim of prejudice is weak, this factor is of least significance in a case of great delay (see, People v Staley, 41 NY2d 789, 792). To no avail is the District Attorney's reference to the absence of a permanent Judge in Sullivan County. During the entire period involved here, other Judges were available to try the cases.

Consideration of the *Taranovich* factors clearly weighs in support of defendant's claim that he was denied his constitutional right to a speedy trial. His conviction must therefore be reversed and the indictment dismissed.

Mercure, Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is reversed, on the law, and indictment dismissed.