*909 OPINION OF THE COURT
David A. Dellehunt, J.
On or about January 9, 2013, defendant was charged with driving while ability impaired (DWAI) in violation of Vehicle and Traffic Law § 1192 (1), speed not reasonable and prudent in violation of Vehicle and Traffic Law § 1180 (a) and failure to keep right in violation of Vehicle and Traffic Law § 1120 (a). Defendant moves for an order dismissing the accusatory instruments on the grounds that the defendant was denied his constitutional right to a speedy trial pursuant to CPL 30.20. The People are not submitting opposition to the motion on the grounds that they cannot “ethically prosecute” the case.
The People served a written notice of readiness for trial pursuant to CPL 30.30 dated January 17, 2013. Defendant was arraigned on the charges and released on his own recognizance. The Columbia County Public Defender’s Office was assigned to represent defendant. The matter was adjourned on consent multiple times until on or about March 19, 2013 when the People made an offer to the defendant. Defense counsel requested the matter be further adjourned to consider the offer and allow defendant to voluntarily submit to an alcohol evaluation. The matter was repeatedly adjourned on consent waiting for defendant to be evaluated.
On or about August 20, 2013 the People apparently offered to have the defendant plea to all of the charges, and receive a conditional discharge which would include an alcohol evaluation and, if recommended, treatment. The matter was adjourned numerous additional times at defendant’s request to complete the evaluation. Thereafter the court received an alcohol evaluation from Honor Court dated January 21, 2014. The evaluation indicated that the defendant “does not demonstrate any pattern of Abuse or Dependence.” The Honor Court did “not have any recommendation for any treatment.”
On or about February 18, 2014 the People offered to adjourn the DWAI case in contemplation of dismissal and have the defendant plea to the other two traffic infractions in full satisfaction. The court rejected the aforesaid plea offer. The matter was adjourned two more times on consent.
On or about April 15, 2014, the Assistant District Attorney announced that he was “declining to prosecute” the case. Thereafter the court scheduled the matter for a date certain nonjury trial on two separate dates, June 3, 2014 and August 5, 2014. Allegedly upon advice of counsel, defendant failed to *910 appear at the appointed time on either trial date; no other witnesses appeared for either party on said dates. The court directed that a further date certain trial date would only be scheduled when both parties are ready to proceed and that it would entertain any motions that either party wished to make. The matter lingered on the court calendar.
Defendant appeared with private counsel on May 17, 2016. The matter was adjourned for the then Assistant District Attorney to review the file and determine the People’s position. On or about June 21, 2016 the parties requested an adjournment to decide whether to make a motion in the interests of justice pursuant to CPL 170.40. On July 19, 2016 defense counsel orally moved to dismiss the matter based upon the People’s refusal to prosecute; the court denied the oral motion in accordance with Matter of Donnaruma v Carter (41 Misc 3d 195, 204-205 [2013], affd 113 AD3d 993 [3d Dept 2014], affd 25 NY3d 1011 [2015]), without prejudice to defense counsel bringing any additional motions under CPL 170.30. No motions were made pursuant to CPL 170.30 prior to the instant motion.
Defendant now moves to dismiss the instant proceeding on constitutional speedy trial grounds pursuant to CPL 30.20. (See US Const Amend VI, XIV.) The speedy trial guarantee established by the Constitution is intended to ensure fair and humane treatment of an accused person by protecting him or her against prolonged imprisonment while awaiting trial, providing relief from the anxiety and public suspicion that accompanies a criminal accusation which remains untried, and reducing the possibility that through the loss of witnesses or dulling of memory the means of proving his or her innocence may be lost. (People v Anderson, 66 NY2d 529, 534-535 [1985].) Protracted delays over a period of years is presumptively prejudicial for purposes of the constitutional right to a speedy trial. (See People v Santiago, 209 AD2d 885 [3d Dept 1994]; see also Doggett v United States, 505 US 647 [1992].)
Here the defendant asserts that his case has been pending for almost four years and that he never consented to any adjournments. While the court file belies the fact that defendant and his counsel never consented to any adjournments that contributed to the delay of the instant case, the court finds that the delay from the date that the People announced that they “decline to prosecute” is chargeable to the People as post-readiness delay. (See People v Goss, 87 NY2d 792 [1996].) While such a statement has been held to be a legal nullity (see Matter of Donnaruma v Carter, 41 Misc 3d 195 [2013]), the court finds *911 that the People’s refusal to prosecute is an indication that, at that particular juncture, the People are no longer ready, or perhaps willing, to proceed to trial. An act or omission by the prosecution that impedes the trial of the matter from going forward constitutes post-readiness delay chargeable to the People. (See People v Jones, 68 NY2d 717 [1986]; People v McKenna, 76 NY2d 59, 64-65 [1990]; People v Anderson.)
The court must consider the duration of the delay against the factors espoused in People v Taranovich (37 NY2d 442 [1975]). In Taranovich the Court examined the following factors in determining whether there has been a denial of the defendant’s speedy trial rights: (1) the extent of the delay; (2) the reason for the delay; (3) the nature of the underlying charge; (4) whether or not there has been an extended period of pretrial incarceration; and (5) whether or not there is any indication that the defense has been impaired by reason of the delay. (Id. at 445.) There is no per se period beyond which a criminal prosecution may not be pursued. (Id. at 445, citing People v Prosser, 309 NY 353, 360 [1955].) Here, although the period of delay is more than three years from the date of the arrest, much of the delay was occasioned by the People’s post-readiness announcement that they were no longer going to prosecute the matter as of April 15, 2014. Even assuming that defendant’s failure to appear on two separate date certain non-jury trial dates was not a product of counsel’s advice and/or related to the prosecution’s representations that they were not proceeding, the case has been in limbo for over two years since the People withdrew prosecution.
Thus the court finds that the extent of the delay was extensive and for the last two plus years was occasioned by the People’s refusal to prosecute. Although the nature of the underlying charge is serious, and defendant did not suffer from any pretrial incarceration, it is likely that the defense has been seriously prejudiced and impaired by reason of the delay. (People v Taranovich, 37 NY2d 442 [1975]; People v Santiago, 209 AD2d 885 [3d Dept 1994]; Doggett v United States, 505 US 647 [1992].) Accordingly, defendant’s motion to dismiss for a violation of his constitutional right to a speedy trial is granted and the case is hereby dismissed. (CPL 170.30 [e]; 30.20.)
Defendant is entitled to be present at every stage of the proceedings. All motions not granted herein are hereby denied.