*831 OPINION OF THE COURT
David A. Dellehunt, J.
Defendant, Ethan D. Grossman, appeared with counsel for a nonjury trial on September 5, 2017. The People informed the court that they would not be participating in the trial. Defendant duly waived his right to a jury trial in accordance with Criminal Procedure Law § 320.10.
By way of background, the defendant was charged with driving while intoxicated in violation of Vehicle and Traffic Law § 1192 (3), refusal to take a breath test in violation of Vehicle and Traffic Law § 1194 (1) (b), driving across hazard markings in violation of Vehicle and Traffic Law § 1128 (d), and failure to keep right in violation of Vehicle and Traffic Law § 1120 (a). The DWI bill of particulars alleges that at the time of the stop the defendant emitted an odor of alcoholic beverages, and possessed glassy eyes, and impaired motor coordination; the defendant also allegedly made certain admissions and failed four out of four field sobriety tests. In addition, the New York State Police filed a certified breath alcohol analysis record of an al-cotest allegedly showing a blood alcohol content of .05 of one percent by weight of alcohol in his blood.
The defendant was arraigned on July 30, 2013, and the matter was adjourned on consent until August 20, 2013. On August 20, 2013 the People stated that they “decline to prosecute.” Defense counsel orally moved to dismiss the matter based upon said proclamation; the court denied the motion. (Matter of Donnaruma v Carter, 41 Misc 3d 195, 204-205 [2013], aff'd sub nom. Matter of Soares v. Carter, 113 AD3d 993 [3d Dept 2014], affd 25 NY3d 1011 [2015]; see also People v Jordan H., 56 Misc 3d 1207[A], 2017 NY Slip Op 50893[U] [2017]; People v Douglass, 60 NY2d 194 [1983].) The court instructed the parties that the only way to dispose of a case, once it has been filed with the court, is by way of a verdict after trial, by a plea, or after a motion to dismiss upon an enumerated ground set forth in CPL 170.30. (See People v McKeon, 54 Misc 3d 1219[A], 2017 NY Slip Op 50245 [U] [2017]; People v Franco, 53 Misc 3d 908 [2016].) The court acknowledged defendant’s constitutional right to a jury trial, and informed counsel that the People’s refusal to prosecute is an indication that, at that particular juncture, they are no longer ready, or perhaps willing, to proceed to trial. (See People v McKeon; People v Franco.) The court gave both parties an opportunity to make written motions pursuant to the Criminal Procedure Law, but none were *832 filed by defense counsel or the People. Thereafter, pursuant to CPL 320.10, after consultation with counsel and with a full understanding of his right and privilege to a jury trial, defendant waived his right to a trial by jury and requested a nonjury trial.
In order to prove that the defendant is guilty of driving while intoxicated (Vehicle and Traffic Law § 1192 [3]) the People must prove, from all of the evidence in the case beyond a reasonable doubt, both of the following two elements:
1. That on or about July 19, 2013, in the Town of Kinder-hook, County of Columbia and State of New York, the defendant, Ethan D. Grossman, operated a motor vehicle; and
2. That the defendant did so while in an intoxicated condition. (CJI2d[NY] Vehicle and Traffic Law § 1192 [3].)
A motor vehicle is a vehicle propelled by any power other than muscular power. (Vehicle and Traffic Law § 125.) To operate a motor vehicle means to drive it. (CJI2d[NY] Vehicle and Traffic Law § 1192 [3].) A person is in an intoxicated condition when such person has consumed alcohol to the extent that he is incapable, to a substantial extent, of employing the physical and mental abilities which he or she is expected to possess in order to operate a vehicle as a reasonable and prudent driver. (CJI2d[NY] Vehicle and Traffic Law § 1192 [3], citing People v Ardila, 85 NY2d 846 [1995].) The law does not require any particular chemical or physical test to prove that a person’s ability to operate a motor vehicle was impaired in an intoxicated condition. Rather the factfinder must consider all of the surrounding facts and circumstances including (1) the defendant’s physical condition and appearance, balance, coordination and manner of speech, (2) the presence or absence of the odor of alcohol, (3) the manner in which the defendant operated the motor vehicle, (4) opinion testimony regarding the defendant’s sobriety and/or (5) the results of any test of the content of alcohol in the defendant’s blood. (CJI2d[NY] Vehicle and Traffic Law § 1192 [3].)
In order to prove that the defendant is guilty of a violation of Vehicle and Traffic Law § 1128 (d) the People must prove, from all of the evidence in the case beyond a reasonable doubt, that (1) there were official markings in place, indicating those portions of any roadway where crossing such markings would be especially hazardous, and (2) the defendant drove a vehicle across such markings. In addition, in order to prove that the defendant is guilty of a violation of Vehicle and Traffic Law *833 § 1120 (a) the People must prove, from all of the evidence in the case beyond a reasonable doubt, that the defendant failed to drive upon the right half of the roadway, and that said defendant’s actions did not fall within one of the enumerated exceptions to the general rule requiring a driver to keep right. (-See Vehicle and Traffic Law § 1120 [a] [l]-[6].)
Although the court recognizes the seriousness of the charges lodged against the defendant, it is fundamental that the defendant is deemed innocent until proven guilty. The People have the burden to prove defendant’s guilt beyond a reasonable doubt. Not only have the People failed to meet their burden, but the People have, without explanation, refused to participate in the trial, call witnesses, or present evidence. The court is cognizant that the District Attorney possesses broad authority and discretion over all phases of a criminal prosecution, but notwithstanding the aforesaid, the court cannot simply dismiss a case upon the grounds that the District Attorney declines to prosecute. (See People v Douglass; Matter of Donnaruma v Carter, 41 Misc 3d 195, 206-208 [2013].) By refusing to call witnesses and/or present any evidence the District Attorney is attempting to do indirectly what the legislature has prohibited him from doing directly, that is, exercising the power of nolle prosequi. (Id. at 206-207.)
The question posed at the time of trial, however, is whether the People met their considerable burden of proof; failure to do so requires the court to dismiss on that ground for lack of evidence. While a trial at which a district attorney declines to put on any proof may be described as a waste of judicial resources by some (see People v Beckman, 38 Misc 3d 878, 882 [2012]), it is imperative that those charged with holding district attorneys accountable be aware of such practices in order to make informed judgments and hold said district attorneys responsible for their deliberate acts or omissions. (See Donnaruma v Carter at 214.) It remains for the electorate and/or the governor to decide whether the district attorney fulfilled his constitutional mandate to prosecute all matters in the county and to protect the public interests. (See id. at 212-215; NY Const, art XIII, § 13; Executive Law § 63 [2]; County Law § 700 [1].)
Accordingly, based upon the fact that the District Attorney refused to introduce any testimony or evidence at trial, and after due deliberation, the court finds that the People have failed to meet their burden of proof and the defendant must, therefore, be found not guilty of all of the charges, to wit: driv *834 ing while intoxicated in violation of Vehicle and Traffic Law § 1192 (3), refusal to take a breath test in violation of Vehicle and Traffic Law § 1194 (1) (b), driving across hazard markings in violation of Vehicle and Traffic Law § 1128 (d), and failure to keep right in violation of Vehicle and Traffic Law § 1120 (a).