■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL MOORE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kramer, J.), rendered July 18, 1983, convicting him of attempted murder in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Physical evidence which has been sufficiently connected with a defendant such that its relevance to the issues in the case is established is properly admissible, "as is any other evidence which is relevant to an issue in the prosecution" *(People v Mirenda,* 23 NY2d 439, 453). In the instant case, the knife used to stab the victim was distinctive in that it had a wooden handle and a blade which was bent or twisted. During the course of the trial, the victim, the arresting officer and an eyewitness to the stabbing all identified the knife and testified as to its distinctive appearance. Moreover, the eyewitness

removed the knife from defendant's back pocket at the scene where the attack had just occurred. These facts established a sufficient nexus between the knife and the defendant such that no error was committed in permitting its introduction at trial as real evidence (see, *People v Flammer,* 106 AD2d 398; *People v Simmons,* 99 AD2d 880).

The trial court properly allowed the People to introduce evidence of a prior confrontation between the defendant and the victim for the limited purpose of showing the defendant's motive and intent. The introduction of said evidence was for a purpose directly related to the issues in the case and not for the collateral purpose of establishing a propensity on the part of the defendant to commit the crime charged (see, *People v Sims,* 110 AD2d 214, 221). The trial court immediately instructed the jury as to the limited purpose of the subject evidence and reiterated those instructions in the course of its charge. These instructions sufficed to overcome any potential prejudice to defendant (see, *People v Burnell,* 112 AD2d 1089). Mangano, J. P., Brown, Weinstein and Spatt, JJ., concur.