■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LACY BOSTICK, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Lipp, J.), rendered April 28, 1986, convicting him of burglary in the first degree, burglary in the second degree, robbery in the second degree (three counts), criminal possession of stolen property in the second degree and grand larceny in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Goodman, J.), after a hearing, of those branches of the defendant's omnibus motion which were to suppress his statements to law enforcement authorities and physical evidence.

Ordered that the judgment is affirmed.

At approximately 2:30 on the morning of August 14, 1985, the defendant, accompanied by his girlfriend and codefendant Gladys Howard, his codefendant Robert Anderson, and Anderson's girlfriend Jennifer Woodson, drove to the victim's home in Westbury, New York. While Howard occupied the victim at the front door, the defendant and Anderson entered the apartment from the rear. The defendant and Anderson bound the complainant with tape, menaced and repeatedly beat her with a gun, and stole her valuables.

On appeal, the defendant contends that his oral and written confessions should have been suppressed as the products of

two improper arrests effected without probable cause. He further submits that the stolen property and the gun recovered by the police should be suppressed as the fruits of an unlawful search. The defendant's contentions are without merit.

We note that the complainant had identified one of her attackers as the codefendant Anderson, and, following a police investigation, Anderson was traced to the home of his girlfriend, Jennifer Woodson. As the officers were watching the Woodson house at approximately 10:00 A.M. on August 14, 1985, they observed the defendant come out the front door and walk down the street. The defendant was picked up by two plain-clothes officers and transported to a nearby command station, where the police explained to him that they were investigating a recent robbery. They asked him about the floor plan of the Woodson house, and if and where Anderson could be found inside. The defendant was at no time handcuffed or restrained, was asked no questions about the crime, and, after answering all of the officers' inquiries, was allowed to leave upon his request. It is clear that the defendant was not under arrest at the time, and that, under the circumstances, a reasonable man, innocent of any crime, would not have thought that he was in custody (see, *People v Yukl*, 25 NY2d 585, *cert denied* 400 US 851; *People v Patterson*, 73 AD2d 922, *affd* 53 NY2d 829).

After gaining entry to the Woodson house, the police interviewed Woodson, who told them that she had driven to the complainant's home the night before with the defendant, Anderson and Howard, and that the latter three had removed property from the victim's premises. Upon being confronted with this account, the codefendant Anderson conceded to the officer that "they did it because they needed the money". Moreover, the proceeds of the crime were found in the house that the defendant had been seen exiting. The combination of physical evidence and incriminating statements by the accomplices supplied adequate probable cause for the police to arrest the defendant (*People v Berzups*, 49 NY2d 417; *People v Rivera*, 124 AD2d 611). Since the stop of the defendant was for lawful questioning in the course of a legitimate police investigation, and the defendant was thereafter arrested based upon probable cause, no illegality tainted the defendant's confession.

In addition, the suppression of the physical evidence was properly denied. In the first instance, there is no requirement that the police obtain a warrant to conduct a lawful search

when they have received the voluntary consent of a party possessing the requisite authority or control over the premises to be inspected *(Schneckloth v Bustamonte,* 412 US 218; *People v Lane,* 10 NY2d 347). As this court ruled when the voluntariness of Woodson's consent was raised by the codefendant Anderson on his appeal, the search of the premises was entirely proper since it had been consented to by Jennifer Woodson, who had declared herself to be the owner of the house. The police were therefore justified in relying in good faith on her apparent authority to consent to the search *(People v Adams,* 53 NY2d 1, *cert denied* 454 US 854). Nor was her consent coerced *(People v Anderson,* 146 AD2d 638).

Further, the defendant lacks standing to challenge the recovery of stolen property from the attic room inhabited by his girlfriend with whom he occasionally stayed *(see, People v Ponder,* 54 NY2d 160).

We have examined the defendant's remaining contentions and find them to be without merit. Brown, J. P., Kunzeman, Eiber and Kooper, JJ., concur.