■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CORNELIUS GLENN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Sherman, J.), rendered March 28, 1988, convicting him of murder in the second degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We find unpersuasive the defendant's contention that he was denied a fair trial by the court's allegedly unbalanced marshalling of the evidence during its charge. The record reveals that the court fulfilled its obligation of referring to the evidence to the extent necessary to adequately explain the application of the relevant law to the relatively simple factual issues presented in this case *(see,* CPL 300.10 [2]; *People v Culhane,* 45 NY2d 757, *cert denied* 439 US 1047). The court placed no undue emphasis on the People's contentions and informed the jury that the defendant was proceeding on a theory of mistaken identification. Moreover, the defendant's trial counsel made the defendant's position clear during summation *(see, e.g., People v McDonald,* 144 AD2d 701; *People v Patterson,* 121 AD2d 406). Additionally, the court instructed the jurors that it had no opinion regarding the question of the defendant's guilt, and that any perceptions which they might have with respect to the court's views on the matter were to be eliminated from their minds *(see, People v McDonald, supra; People v Gray,* 144 AD2d 483).

The defendant's remaining contention has not been preserved for appellate review as a matter of law *(see,* CPL 470.05 [2]; *People v Thomas,* 50 NY2d 467; *People v Udzinski,* 146 AD2d 245), nor is review of the issue in the interest of justice warranted under the circumstances of this case. Brown, J. P., Rubin, Sullivan and Harwood, JJ., concur.