■ The People of the State of New York, Respondent, v Michael Smith, Appellant.—Judgment, Supreme Court, New York County (Clifford Scott, J.), rendered September 15, 1988 after a jury trial, convicting defendant of grand larceny in the fourth degree (Penal Law § 155.30 [5]) and sentencing him to a term of 2 to 4 years' incarceration, unanimously affirmed.

Defendant's challenge on appeal to the hearing court's implied denial of his motion to suppress three of his statements, as violative of *Miranda v Arizona* (384 US 436), is meritless. Defendant's statement "the money is mine" was never introduced into evidence at trial and is, therefore, academic for purposes of this appeal. When a police officer asked defendant what had happened to the money, only moments after defendant had grabbed it from complainant, and which was not in his hands when he was handcuffed after a scuffle during which defendant resisted arrest, he responded "I dropped it." This statement was not the product of interrogation. The question which defendant answered had been made in close proximity to an apparent crime and was intended only to clarify what had happened (see, *People v Huffman*, 41 NY2d 29).

Finally, after defendant had received a *Miranda* warning, he was observed, in a holding cell, secreting something between his bench and the wall. When a police office extracted cash from the location, he merely looked at defendant, who blurted out, "you got me." This was a spontaneous declaration. As we noted in *People v Gamble* (129 AD2d 470), the officer was not required to voluntarily refuse to listen to defendant. We note in passing that defendant's contention that, by looking at defendant, the officer conducted "the functional equivalent of interrogation", is devoid of merit. *(Compare, People v Ferro*, 63 NY2d 316, *cert denied* 472 US 1007.)* Concur—Sullivan, J. P., Carro, Rosenberger, Ellerin and Rubin, JJ.