■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SILO ADAMES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Demakos, J.), rendered November 1, 1982, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and statements made by him to law enforcement officials.

Ordered that the judgment is affirmed.

Since the statements allegedly made by the defendant were never introduced at trial, his contention that they were the product of an arrest made without probable cause is academic for purposes of this appeal *(see, People v Smith,* 160 AD2d 472; *People v Wilson,* 131 AD2d 526).

Additionally, we find that the defendant lacks standing to challenge the search of the apartment of his in-laws in which the murder weapon was found, as he only occasionally stayed in that apartment and did not have his own room there *(see, People v Ponder,* 54 NY2d 160; *People v Bostick,* 151 AD2d 768; *People v McGaha,* 144 AD2d 388; *People v Glenn,* 140 AD2d 623). In any event, the police relied in good faith upon the apparent authority of a resident of the apartment who gave consent to the search *(see, People v Adams,* 53 NY2d 1, *cert denied* 454 US 854; *People v Bostick, supra; People v Anderson,* 146 AD2d 638).

Further, contrary to the defendant's contention, the trial court did not err in admitting testimony regarding a previous altercation between the defendant and the victim, since this evidence was properly admissible to show motive *(see, People v Molineux,* 168 NY 264; *People v Moore,* 122 AD2d 232). Any claim that the court should have given a limiting instruction with respect to this evidence is unpreserved for appellate review *(see,* CPL 470.05 [2]).

Finally, we reject the defendant's assertion that the trial court unfairly marshaled the evidence during its charge. The court's failure to refer to all of the defendant's contentions did not deprive him of a fair trial *(see, People v Saunders,* 64

NY2d 665, 667). In this regard, we note that the trial was of brief duration and involved relatively simple issues, and that the court informed the jury that it had no opinion in the case (see, People v Glenn, 160 AD2d 813; People v Gray, 144 AD2d 483). Thompson, J. P., Brown, Eiber and Rosenblatt, JJ., concur.