◾ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KIM SIMEONA, Appellant. [598 NYS2d 337] —Appeal by the defendant from a judgment of the County Court, Nassau County (Harrington, J.), rendered January 7, 1991, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a weapon in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We disagree with the defendant's contention that the trial court erred when it gave a supplemental charge regarding constructive possession of a weapon in response to a note from the jury *(see, People v Malloy,* 55 NY2d 296, *cert denied* 459 US 847). The defendant's contentions which are addressed to the substance of that supplemental charge are unpreserved

for our review *(see,* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245) and, in any event, lack merit.

Further, viewing the evidence adduced at the trial in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620) we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The People proved that an undercover officer gave the defendant $25 in exchange for a bag of cocaine. The People also proved that the defendant, who had a prior conviction, had a loaded firearm in his possession. In addition, resolution of credibility issues, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's remaining contentions are without merit. Lawrence, J. P., Ritter, Copertino and Santucci, JJ., concur.