■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN DIAZ, Appellant. [619 NYS2d 781] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Jackson, J.), rendered March 9, 1990, convicting him of criminal possession of a controlled substance in the third degree and two counts of criminal possession of a weapon in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. The facts have been considered and are determined to have been established.

We agree with the defendant's contention that the trial

court's charge to the jury regarding constructive possession of a controlled substance was erroneous. "A person is guilty of criminal possession of a controlled substance in the first degree when he knowingly and unlawfully possesses [such substance]" (Penal Law § 220.21). The court properly told the jury that the prosecution's theory was one of constructive, rather than actual possession, and that a person who knowingly has the power and intent to exercise dominion and control over contraband has constructive possession. However, over defense counsel's objection, the court omitted any reference to the various factors which a jury may consider in deciding whether or not a defendant retained a sufficient level of dominion and control over contraband so as to constitute constructive possession.

Despite defense counsel's further objection, the court exacerbated the error when it marshalled the evidence so as to include testimony which was favorable to the prosecution, but made no mention of defense contentions which directly related to the issue of the defendant's dominion and control over the contraband. The court's charge did not advise the jury that it could consider such elements as whether the contraband was found in premises which were not leased or occupied by the defendant, as well as whether or not other individuals had access to this apartment. Under the circumstances of this case, each of these elements was pertinent to a determination of whether or not the defendant constructively possessed the contraband (see, People v Manini, 79 NY2d 561, 573; People v Pearson, 75 NY2d 1001; People v Davis, 153 AD2d 949).

We therefore conclude that these errors resulted in prejudicial error requiring reversal and a new trial.

We have reviewed the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Santucci, Krausman and Goldstein, JJ., concur.