■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN PILGRIM, Appellant. [741 NYS2d 548] —Appeal by the defendant from a judgment of the County Court, Nassau County (Honorof, J.), rendered October 5, 2000, convicting him of criminal possession of a controlled substance in the fifth degree and criminal possession of a controlled substance in the seventh degree (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The evidence adduced by the People established that a police officer observed the defendant in a garage located on a vacant property in New Cassel, on June 6, 1999, at approximately

8:55 P.M. The defendant was holding a brown paper bag and a yellow plastic bag. With the aid of a flash light, and from a close distance, the officer then observed the defendant throw both bags to the floor and flee through the side door of the garage. A second officer immediately apprehended the defendant. The bags contained, among other things, heroin and cocaine. Testifying on his own behalf, the defendant, in effect, denied handling either bag.

During the course of its deliberations at the defendant's trial, the jury sent a note which read: "[I]f drugs are in the garage but not in his physical possession, can we find Mr. Pilgrim guilty of possession?" The trial court invited counsel to suggest how this note should be answered. Defense counsel initially asserted that the court should answer the note with a simple "no," and then suggested that the court "read * * * the instruction on possession again." The prosecutor asserted that "constructive possession is an applicable charge." Defense counsel argued that a charge on constructive possession would constitute a ruling permitting the People to alter their theory of criminal liability.

The court noted that, at the prior charge conference, it had considered whether a constructive possession charge was warranted, that it had, at that time, determined not to deliver such a charge, and that, in light of the jury note, such determination appeared to have been "ill-advised." The court therefore decided to respond to the jury note by instructing the jury in a manner which complied with the definition of the term "possess" as set forth in Penal Law § 10.00 (8) (*see generally People v Manini,* 79 NY2d 561, 573; *People v Francis,* 79 NY2d 925; *People v Pearson,* 75 NY2d 1001; *People v Tirado,* 47 AD2d 193, *affd* 38 NY2d 955; *People v Diaz,* 112 AD2d 311; *People v Rivera,* 77 AD2d 538; *cf. People v Patel,* 132 AD2d 498). Specifically, the court charged the jury that a person may possess tangible property when he or she "exercised a level of control over the area in which the property is found sufficient to give him or her the ability to use or dispose of the property."

The defendant now argues that this supplemental charge constituted error for various reasons. He argues, as he did at trial, that, in issuing this charge, the court permitted the People to depart from the theory of criminal liability expressed in the indictment, citing e.g. *People v Grega,* (72 NY2d 489). We do not agree. The trial court's decision to define the term "possess" to the jury more fully, upon receipt of the jury note, did not constitute a change in the theory of criminal liability on the possessory counts charged in the indictment (*see generally People v Spann,* 56 NY2d 469).

The defendant also argues, citing *People v Mabry* (58 AD2d 897), that the supplemental instruction did not relate the law to the facts of the case or refer to the evidence to explain the applicable legal principles. Pursuant to CPL 300.10 (2), "[i]n its charge, the court must state the fundamental legal principles applicable to criminal cases in general [and] * * * must also state the material legal principles applicable to the particular case, and, so far as practicable, explain the application of the law to the facts, but it need not marshal or refer to the evidence to any greater extent than is necessary for such explanation." Here, the jury inquired as to whether a finding that the defendant did not actually hold the contraband in question would necessitate an acquittal, and the court correctly responded that it would not. While the court might have detailed the factors which may be considered in determining whether the defendant exercised a sufficient level of dominion and control over the garage so as to warrant a finding of his constructive possession of the contraband contained therein (*see People v Diaz,* 210 AD2d 346), defense counsel did not object to the supplemental charge on this precise ground, and review of this issue in the interest of justice is not warranted.

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Prudenti, P.J., Feuerstein, Luciano and Schmidt, JJ., concur.