■ The People of the State of New York, Respondent, v Nathan Nevins, Appellant. [791 NYS2d 771]—

Appeal from a judgment of the Erie County Court (Sheila A. DiTullio, J.), rendered January 28, 2004. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the third degree, criminal mischief in the fourth degree, failure to wear a seatbelt, and failure to stop at a stop sign.

It is hereby ordered that the judgment so appealed from be

and the same hereby is unanimously modified on the law by reversing that part convicting defendant of failure to stop at a stop sign, dismissing count six of the indictment, and vacating the sentence imposed on criminal possession of a controlled substance in the third degree and as modified the judgment is affirmed, and the matter is remitted to Erie County Court for resentencing on count one of the indictment and for proceedings pursuant to CPL 460.50 (5).

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [12]); criminal mischief in the fourth degree (§ 145.00 [3]); failure to wear a seatbelt (Vehicle and Traffic Law § 1229-c [3]); and failure to stop at a stop sign (§ 1172 [a]). The People's theory at trial was that defendant was the sole occupant of the vehicle during the events giving rise to the charges. Defendant, however, offered proof that there was a second person in the vehicle who possessed and discarded drugs before jumping from the moving vehicle.

Under the facts of this case, we agree with defendant that County Court erred in issuing a supplemental instruction to the jury on constructive possession. Although the court's supplemental instruction "did not constitute a change in the theory of criminal liability on the possessory count[ ] charged in the indictment" (*People v Pilgrim*, 293 AD2d 496, 497 [2002], *appeal dismissed* 98 NY2d 766 [2002], *lv denied* 99 NY2d 618 [2003]), we conclude that, under either the People's theory or defendant's theory, one person physically possessed the cocaine and threw it from the window of the vehicle. Thus, there is no view of the evidence from which a jury could find that defendant exercised dominion and control over the cocaine without physically possessing it. We conclude, however, that the error is harmless (*see generally People v Crimmins*, 36 NY2d 230, 241-242 [1975]). The court explicitly instructed the jury that defendant could not be held responsible for criminal possession of a controlled substance if the drugs were, in fact, possessed by a second person allegedly in the car, and there is no significant probability that defendant otherwise would have been acquitted of that charge.

We further conclude that the conviction of criminal possession of a controlled substance in the third degree is supported by legally sufficient evidence and that the verdict on that count of the indictment is not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]).

To the extent defendant contends that the evidence is legally

insufficient to support the conviction of criminal mischief, we conclude that defendant failed to move to dismiss that count of the indictment and therefore failed to preserve his present contention for our review (*see People v Gray*, 86 NY2d 10, 19 [1995]). We further conclude that the verdict on that count is not against the weight of the evidence (*see Bleakley*, 69 NY2d at 495).

Contrary to the contention of defendant, we conclude that he received meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]). We further conclude that the court did not abuse its discretion in refusing to admit the transcript of the 911 tape in evidence (*see generally People v Williams*, 281 AD2d 933 [2001], *lv denied* 96 NY2d 869 [2001]). Any error arising from the fact that the court stenographer initially read the testimony of the wrong witness to the jury in response to the jury's request for a read back of certain testimony was corrected by the court and did not result in any prejudice to defendant. Defendant's challenge to the court's suppression ruling is academic because the statements that the court refused to suppress were not introduced at trial (*see People v Smith*, 160 AD2d 472 [1990]; *see also People v Adames*, 168 AD2d 623 [1990], *lv denied* 77 NY2d 957 [1991]).

We agree with defendant that, because there was testimony concerning multiple violations of Vehicle and Traffic Law § 1172 (a) but only one violation was charged, there is a possibility that the jurors could have convicted defendant of an unindicted violation or, indeed, different violations (*see People v Clark*, 6 AD3d 1066, 1068 [2004], *lv denied* 3 NY3d 638 [2004]; *People v McNab*, 167 AD2d 858; *see generally People v Grega*, 72 NY2d 489, 495-496 [1988]). We therefore modify the judgment by reversing that part convicting defendant of failure to stop at a stop sign and dismissing count six of the indictment (*see Clark*, 6 AD3d 1066 [2004]).

Defendant failed to preserve for our review his contention that the court failed to comply with CPL 400.21 in sentencing him as a second felony offender (*see generally People v Pellegrino*, 60 NY2d 636, 637 [1983]). In any event, we conclude that the court "substantially complied with the requirements of CPL 400.21" (*People v Chaney*, 284 AD2d 998, 998 [2001], *lv denied* 96 NY2d 917 [2001]). The sentence of imprisonment of 4 to 8 years imposed on the count of criminal possession of a controlled substance in the third degree cannot be considered unduly harsh and severe because it is below the legal minimum sentence (*see* Penal Law § 70.06 [3] [b]; [4] [b]). Thus, because that sentence is illegal, we further modify the judgment by

vacating the sentence imposed on count one of the indictment, and we remit the matter to County Court for resentencing on that count. Present—Pigott, Jr., P.J., Green, Hurlbutt, Kehoe and Pine, JJ.