Appeal from a judgment of the Monroe County Court (Richard A. Keenan, J.), rendered February 9, 2006. The judgment convicted defendant, upon a jury verdict, of robbery in the first degree.
It is hereby ordered that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him of robbery in the first degree (Penal Law § 160.15 [4]), defendant contends that he did not validly waive his right to be present at the hearing on the issue whether the victim had an independent basis for his identification of defendant. We reject that contention. The record establishes that County Court informed defendant of his right to be present at that hearing and his ability to waive that right and suggested that defendant confer with defense counsel before deciding whether to waive the right to be present. The record further establishes that defense counsel informed the court prior to the commencement of the hearing that defendant had chosen to waive his right to be present, and we further infer from the absence of defendant at the hearing that he in fact waived his right to be present (see generally People v Parker, 57 NY2d 136, 139-140 [1982]; People v Epps, 37 NY2d 343, 350-351 [1975], cert denied 423 US 999 [1975]; People v Johnson, 37 NY2d 778 [1975]). We further conclude that defendant’s general objection to the timing of the hearing, which was conducted after the commencement of trial, is insufficient to preserve for our review his present contention that he did not have enough time in which to procure a transcript of the hearing for impeachment purposes at trial (see CPL 470.05 [2]; see generally People v Balls, 69 NY2d 641 [1986]). In any event, we conclude that any error in the timing of the hearing is harmless inasmuch as defendant has failed to identify any trial testimony of the People’s witnesses that could have been impeached by the use of the transcript of the hearing (see generally People v Crimmins, 36 NY2d 230, 241-242 [1975]). Contrary to the further contention of defendant, the evidence is legally sufficient to establish that he displayed what appeared to be a pistol, an element of robbery in the first degree (see People v Williams, 286 AD2d 918 [2001], lv denied 97 NY2d 763 [2002]; see generally People v Lopez, 73 NY2d 214, 220-221 [1989]; People v Bleakley, 69 NY2d 490, 495 [1987]). Finally, defendant’s challenge to the court’s suppression ruling is moot because none *1206 of the seized evidence was introduced at trial (see People v Nevins, 16 AD3d 1046, 1048 [2005], lv denied 4 NY3d 889 [2005], cert denied 548 US 911 [2006]; People v Smith, 160 AD2d 472 [1990]). Present — Smith, J.P., Centra, Lunn, Fahey and Green, JJ.