■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OMAR A. SMALLING, Appellant. [4 NYS3d 307]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (McGann, J.), rendered June 8, 2012, convicting him of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and tampering with physical evidence, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's challenge to the legal sufficiency of the evidence supporting his convictions is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins,* 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson,* 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear testimony, and observe demeanor (*see People v Mateo,* 2 NY3d 383, 410 [2004]; *People v Bleakley,* 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the

verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). Contrary to the defendant's contention, the fact that he was acquitted of criminal possession of a weapon in the second degree with the intent to use the weapon unlawfully against another (Penal Law § 265.03 [1] [b]) and reckless endangerment in the first degree (Penal Law § 120.25) did not undermine the sufficiency or weight of the evidence supporting the convictions of criminal possession of a weapon in the second degree outside the home or place of business (Penal Law § 265.03 [3]), criminal possession of a weapon in the third degree (Penal Law § 265.02 [3]), and tampering with physical evidence (Penal Law § 215.40 [2]; *see People v Rayam*, 94 NY2d 557, 563 [2000]; *People v Mehmood*, 112 AD3d 850, 851 [2013]; *People v Mercado*, 102 AD3d 813, 813 [2013]).

The Supreme Court did not err when it gave a supplemental instruction regarding constructive possession of a weapon in response to a note from the jury (*see People v Malloy*, 55 NY2d 296, 302 [1982]; *People v Pilgrim*, 293 AD2d 496, 497 [2002]; *People v Simeona*, 194 AD2d 701, 701 [1993]; *cf. People v Nevins*, 16 AD3d 1046, 1047 [2005]). Rivera, J.P., Austin, Roman and Barros, JJ., concur.