# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**172**

**KA 12-01262**

PRESENT: CARNI, J.P., LINDLEY, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                                    MEMORANDUM AND ORDER

MOHAMED L. DIALLO, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JANE I. YOON OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (James J. Piampiano, J.), rendered February 24, 2012. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law and a new trial is granted on counts one and two of the indictment.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts of criminal possession of a weapon in the second degree (Penal Law § 265.03 [1] [b]; [3]). Contrary to defendant's contention, County Court did not err in refusing to suppress statements defendant made to a police officer without receiving *Miranda* warnings. The court properly determined that defendant, who had been shot in the leg and was in the hospital awaiting treatment, was not in custody at the time (*see People v Carbonaro*, 134 AD3d 1543, 1546-1547; *People v Rounds*, 124 AD3d 1351, 1352, *lv denied* 25 NY3d 1077). Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's further contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).

We agree with defendant, however, that reversal is required on the ground that the court erred in granting the People's request to charge the jury on the issue of constructive possession. Defendant was charged with reckless endangerment in the first degree and four counts of criminal possession of a weapon in the second degree for his possession of a revolver and a semiautomatic pistol, but he was convicted of the counts relating only to possession of the revolver. At trial, a witness for the People described hearing gunshots and

observing from her apartment window an individual wearing a white hoody with an object in his hand. She saw a flash from the end of the object and heard a loud bang. She walked away from the window to call 911, and when she returned she saw a second individual in a dark shirt raise his arm while the man in the white hoody was lying on the ground. The man in the dark shirt then kicked the other man in the face before the police arrived. When the police responded to the scene, they found defendant, who was wearing a white hoody and had been shot, lying down in a parking lot with a revolver approximately five feet away from him and a semiautomatic pistol approximately 15 feet away from him. A second man ran from the scene carrying a bag that contained money. A defense witness testified that he heard gunshots and observed someone with a dark shirt hiding against a wall, and there "appeared to be an old school revolver in his hand." The witness testified that he did not see the man in the white hoody with a weapon. DNA evidence connected defendant to the revolver, but not the semiautomatic pistol.

"To meet their burden of proving defendant's constructive possession of the [revolver], the People had to establish that defendant exercised dominion or control over [the revolver] by a sufficient level of control over the area in which [it was] found" (*People v Mattison*, 41 AD3d 1224, 1225, *lv denied* 9 NY3d 924 [internal quotation marks omitted]; *see People v Manini*, 79 NY2d 561, 573-574). Here, we conclude that there is no view of the evidence that defendant had constructive possession of the revolver (*see People v Nevins*, 16 AD3d 1046, 1047, *lv denied* 4 NY3d 889, *cert denied* 548 US 911). Defendant's "mere presence in an area where" the revolver was found "is not sufficient to establish that he exercised such dominion and control as to establish constructive possession" (*People v Knightner*, 11 AD3d 1002, 1004, *lv denied* 4 NY3d 745 [internal quotation marks omitted]). We further conclude that the error is not harmless inasmuch as we cannot determine if the verdict was based upon defendant's physical possession of the revolver or his constructive possession of it (*see People v Kims*, 24 NY3d 422, 438; *People v Martinez*, 83 NY2d 26, 35, *cert denied* 511 US 1137).

In light of our determination to grant a new trial, we do not consider defendant's remaining contention regarding the sentence.

Entered:  March 25, 2016                    Frances E. Cafarell
                                            Clerk of the Court