People v Ross (2023 NY Slip Op 01381)

People v Ross

2023 NY Slip Op 01381

Decided on March 17, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CURRAN, BANNISTER, AND OGDEN, JJ.

71 KA 19-01426

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
RASHEEN ROSS, DEFENDANT-APPELLANT. 

DANIELLE C. WILD, ROCHESTER, FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MARTIN P. MCCARTHY, II, OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Thomas E. Moran, J.), rendered May 13, 2019. The judgment convicted defendant upon a jury verdict of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law and a new trial is granted.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]) and criminal possession of a weapon in the third degree (§ 265.02 [3]). The charges arose from an incident in which defendant allegedly dropped a handgun on the ground while he was being pursued by the police on foot following their attempt to initiate a traffic stop.
Initially, defendant contends that the statutes under which he was convicted are unconstitutional in light of the United States Supreme Court's decision in New York State Rifle & Pistol Assn., Inc. v Bruen (— US &mdash, 142 S Ct 2111 [2022]). Defendant failed to raise a constitutional challenge before Supreme Court, however, and therefore any such contention is unpreserved for our review (see People v Jacque-Crews, — AD3d &mdash, 2023 NY Slip Op 00785, *1 [4th Dept 2023]; see generally People v Davidson, 98 NY2d 738, 739-740 [2002]; People v Reinard, 134 AD3d 1407, 1409 [4th Dept 2015], lv denied 27 NY3d 1074 [2016], cert denied — US &mdash, 137 S Ct 392 [2016]). Contrary to defendant's contention, his "challenge to the constitutionality of [the statutes] must be preserved" (People v Baumann & Sons Buses, Inc., 6 NY3d 404, 408 [2006], rearg denied 7 NY3d 742 [2006]). We decline to exercise our power to review defendant's constitutional challenge as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Further, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Although a different verdict would not have been unreasonable, we cannot conclude that the jury "failed to give the evidence the weight it should be accorded" (id.). To the extent there is conflicting testimony about whether defendant was the one who possessed the handgun recovered by the police on the night in question, we conclude that it merely "presented an issue of credibility for the jury to resolve" (People v Boyd, 153 AD3d 1608, 1609 [4th Dept 2017], lv denied 30 NY3d 1103 [2018] [internal quotation marks omitted]).
We agree with defendant, however, that reversal is required on the ground that the court erred in granting the People's request to charge the jury on the issue of constructive possession. Defendant preserved his contention by objecting to the instruction on constructive possession (see generally CPL 470.05 [2]; People v Burke, 197 AD3d 967, 968 [4th Dept 2021], lv [*2]denied 37 NY3d 1159 [2022]; cf. People v Linares, 167 AD3d 1067, 1070 [3d Dept 2018], lv denied 33 NY3d 950 [2019]). On the merits, and as the People effectively concede, we agree with defendant that the court erred in instructing the jury on constructive possession because there is no view of the evidence from which a jury could have concluded that defendant constructively possessed the handgun on the night in question—i.e., that he exercised dominion or control over the handgun by a sufficient level of control over the area where it was recovered (see People v Diallo, 137 AD3d 1681, 1682 [4th Dept 2016]; People v Nevins, 16 AD3d 1046, 1047 [4th Dept 2005], lv denied 4 NY3d 889 [2005], cert denied 548 US 911 [2006]; see generally People v Solomon, 96 AD3d 1396, 1397 [4th Dept 2012]). We further conclude that the error is not harmless inasmuch as we cannot determine whether the jury's general verdict was based upon defendant's actual possession of the handgun or his constructive possession of it (see Diallo, 137 AD3d at 1682-1683; see also People v Kims, 24 NY3d 422, 438 [2014]; People v Martinez, 83 NY2d 26, 35 [1993], cert denied 511 US 1137 [1994]).
Entered: March 17, 2023
Ann Dillon Flynn
Clerk of the Court