People v Walsh (2026 NY Slip Op 00681)

People v Walsh

2026 NY Slip Op 00681

Decided on February 11, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CURRAN, J.P., BANNISTER, SMITH, OGDEN, AND DELCONTE, JJ.

68 KA 22-00974

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
vCHRISTOPHER WALSH, DEFENDANT-APPELLANT. 

CARA A. WALDMAN, FAIRPORT, FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (DAVID D. BASSETT OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Onondaga County Court (Stephen J. Dougherty, J.), rendered May 16, 2022. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him following a jury trial of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). We affirm.
Contrary to defendant's contention, viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Assuming, arguendo, that a different verdict would not have been unreasonable, we cannot conclude that the jury "failed to give the evidence the weight it should be accorded" (id.). Two witnesses at trial testified that they saw a man holding a handgun. Believing that man to be firing a handgun at a nearby vehicle, one of those witnesses drove her own vehicle into the man to stop him. It was undisputed that the man that witness struck was defendant. Although a handgun was not recovered, we conclude that the witnesses' testimony and police testimony with respect to the shell casings found at the scene, as well as corroborating video and physical evidence, established that defendant possessed a loaded handgun at the time of the incident (see People v Magee, 182 AD3d 996, 997 [4th Dept 2020], lv denied 35 NY3d 1028 [2020]). To the extent there was conflicting testimony about whether defendant possessed the handgun, we conclude that it merely "presented an issue of credibility for the jury to resolve" (People v Ross, 214 AD3d 1319, 1320 [4th Dept 2023] [internal quotation marks omitted]).
Defendant further contends that he was denied a fair trial because the prosecutor engaged in misconduct during summation. Defendant correctly concedes that he failed to preserve his contention with respect to the majority of the alleged instances of misconduct (see generally People v King, 224 AD3d 1313, 1314 [4th Dept 2024], lv denied 41 NY3d 1019 [2024]; People v Watts, 218 AD3d 1171, 1174 [4th Dept 2023], lv denied 40 NY3d 1013 [2023]). In any event, we conclude that any "improper remarks by the prosecutor were not so pervasive or egregious as to deny defendant a fair trial" (King, 224 AD3d at 1314 [internal quotation marks omitted]; see People v Hawley, 112 AD3d 968, 969 [2d Dept 2013], lv denied 23 NY3d 963 [2014]).
Defendant relatedly contends that he was denied effective assistance of counsel based on defense counsel's failure to object to the alleged instances of prosecutorial misconduct. As noted above, defendant was not deprived of a fair trial by those instances, and we therefore further conclude that "defense counsel's failure to object to the alleged instances of prosecutorial misconduct did not constitute ineffective assistance of counsel" (People v Fick, 167 AD3d 1484, 1486 [4th Dept 2018], lv denied 33 NY3d 948 [2019] [internal quotation marks omitted]). Contrary to defendant's further contention, defense counsel was not ineffective for failing to [*2]request a missing witness charge at trial regarding the driver of the vehicle at which defendant was allegedly firing (see generally People v Spagnuolo, 173 AD3d 1832, 1833 [4th Dept 2019], lv denied 34 NY3d 954 [2019]) inasmuch as such a request would have had "little or no chance of success" (People v Lawrence, 192 AD3d 1686, 1688 [4th Dept 2021] [internal quotation marks omitted]; see People v Ross, 118 AD3d 1413, 1416 [4th Dept 2014], lv denied 24 NY3d 964 [2014]).
Finally, we reject defendant's contention that the sentence is unduly harsh and severe.
Entered: February 11, 2026
Ann Dillon Flynn
Clerk of the Court