■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES SPEIGHT, Appellant.—

The defendant's contention that he was deprived of the effective assistance of trial counsel is without merit. Initially, we note that the record indicates that the defense counsel demonstrated complete familiarity with the law and the facts, made appropriate motions, vigorously cross-examined the People's witnesses and strenuously argued the defendant's position to the jury. Further, the defense counsel advanced the best defenses available to his client, those of intoxication and extreme emotional disturbance. The decision not to introduce expert testimony on the subject of intent, in light of the evidence before the jury concerning the defendant's history of alcohol-related illnesses, did not constitute ineffectiveness *(see, People v James,* 146 AD2d 712). The failure to additionally advance an insanity defense reflected a reasonable trial strategy based on a desire not to confuse the jury with multiple defenses and the evidence available to support such a theory. "It is not for this court to second-guess whether a course chosen by defendant's counsel was the best trial strategy, or even a good one, so long as defendant was afforded meaningful representation. In this case, we conclude that defendant's constitutional right has been satisfied" *(People v Satterfield,* 66 NY2d 796, 799-800; *see, People v Rivera,* 71 NY2d 705). We further note that on oral argument, the defendant's counsel disclosed that he made a postjudgment motion pursuant to CPL 440.10 but that at the defendant's written request, he withdrew it.

The defendant's remaining contention concerning the charge to the jury is unpreserved for appellate review as a matter of law *(see,* CPL 470.05 [2]). In any event, although the court's instructions on manslaughter in the second degree were not clear, the charge, when read as a whole, was other-

wise proper, and since the jury never reached the manslaughter charge, any error was harmless.

Finally, while the defendant was given leave to file a supplemental *pro se* brief, he has not filed the brief. Mangano, J. P., Lawrence, Kooper and Balletta, JJ., concur.