■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELIZABETH KROLL, Appellant.—Appeal by defendant from a judgment of the County Court, Nassau County (Goodman, J.), rendered April 18, 1989, convicting her of scheme to defraud in the first degree, grand larceny in the second degree (three

counts), grand larceny in the third degree (10 counts), and grand larceny in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the case is remitted to the County Court, Nassau County, for further proceedings pursuant to CPL 460.50 (5).

Contrary to the defendant's contention, we find that the trial court did not improvidently exercise its discretion in denying her motion for a severance on the ground that defenses which might be offered by her codefendants would be antagonistic to her defense. The proof against the defendant and her codefendants was virtually identical since all of them were charged with participating in the same scheme to defraud. Furthermore, the ground advanced simply did not constitute "good cause" to order separate trials (see, CPL 200.40 [1]; see also, People v Stuckey, 147 AD2d 724; People v Griffin, 135 AD2d 730).

Nor do we find error in the trial court's denial, without a hearing, of the defendant's motion to controvert a search warrant. The affidavit upon which the warrant was issued contained more than enough information to satisfy the court that there was probable cause to believe that the defendants were engaging in conduct which constituted the crimes, among others, of scheme to defraud and grand larceny. The defendant failed to make a "preliminary showing that a false statement, made knowingly and intentionally, or with reckless disregard for the truth", was included in the affidavit, and thus no hearing was required (Franks v Delaware, 438 US 154, 155).

We have examined the defendant's remaining contentions and find them to be without merit. Brown, J. P., Kooper, Eiber and O'Brien, JJ., concur.