■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTONIO MOROBEL, Appellant. [709 NYS2d 743] —Judgment unanimously affirmed. Memorandum: In light of the five factors set forth in *People v Taranovich* (37 NY2d 442, 445), we conclude that Supreme Court properly denied the motion of defendant to dismiss the indictment based on the alleged violation of his constitutional right to a speedy trial (*see,* CPL 30.20). Although 18 months elapsed between the date of defendant's arrest and the scheduled trial date, the charges involved class A-1 felonies, 15 defendants, and a multi-county drug trafficking investigation. While defendant was incarcerated for the entire period, most of the delay was occasioned by motions and hearings concerning defendant and his 14 codefendants. The People's failure to provide disclosure resulted in only minor delays, during which defendant filed additional motions. Further, defendant has failed to show any prejudice as a result of the delay (*see, People v Thorpe*, 183 AD2d 795, 795-796, *lv denied* 80 NY2d 910; *see also, People v Murphy*, 212 AD2d 811, 812, *lv denied* 85 NY2d 977; *cf., People v Blakley*, 34 NY2d 311, 315; *People v Brown* [appeal No. 2], 117 AD2d 978, 979), and this is not a case in which the delay was so great that the need to show prejudice is obviated (*see, People v Santiago*, 209 AD2d 885; *People v Charles*, 180 AD2d 868, 872). (Appeal from Judgment of Supreme Court, Erie County, Howe, J.—Criminal Possession Controlled Substance, 2nd Degree.) Present—Pine, J. P., Hayes, Wisner, Scudder and Kehoe, JJ.