■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS FALCON, Appellant. [722 NYS2d 538] —Judgment, Supreme Court, New York County (Edward McLaughlin, J.), rendered June 21, 1995, convicting defendant, after a jury trial, of murder in the second degree, attempted murder in the second degree, criminal use of a firearm in the first degree, assault in the first degree and criminal possession of a weapon in the second degree, and sentencing him to consecutive terms of 25 years to life and 5 to 15 years on the murder and attempted murder convictions, to be served concurrently with three concurrent terms of 5 to 15 years on the remaining convictions, unanimously affirmed.

Defendant's contention that the court improperly denied his motion to suppress his statements to the police is moot since those statements were never introduced at trial (*see, People v Townsley*, 240 AD2d 955, 957, *lv denied* 90 NY2d 943; *People v*

*Adames*, 168 AD2d 623, *lv denied* 77 NY2d 957; *People v Smith*, 160 AD2d 472). Defendant's claim that the court improperly precluded him from introducing the very statements he sought to have suppressed is unavailing, since the prosecution never offered to introduce the inculpatory portions of those statements (*see, People v Armstrong*, 210 AD2d 182, 183, *lv denied* 85 NY2d 935; *People v Rodriguez*, 188 AD2d 566, 567), and the exculpatory portions of defendant's statements do not qualify as declarations against penal interest (*see, People v Maerling*, 46 NY2d 289, 295).

Defendant's claim of unconstitutional delay in prosecution is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find that, to the limited extent the existing record permits review, there is no basis for reversal (*see, People v Taranovich*, 37 NY2d 442).

The court properly denied, as untimely, defendant's request to dismiss certain counts of the indictment on Statute of Limitations grounds (*see, People v De Pillo*, 168 AD2d 899, *lv denied* 78 NY2d 965).

Since the court submitted the lesser included offense of manslaughter in the first degree to the jury, which never reached that charge, having found defendant guilty of murder in the second degree, defendant's claim that the court should have also submitted the more remote charge of manslaughter in the second degree is foreclosed (*see, People v Johnson*, 87 NY2d 357, 361; *People v Boettcher*, 69 NY2d 174, 180-181).

We perceive no basis for reduction of sentence, particularly since defendant was on parole under a sentence for a prior manslaughter in the first degree at the time of commission of this crime.

We have considered defendant's remaining claims and find that they do not warrant reversal. Concur—Rosenberger, J. P., Williams, Andrias, Wallach and Saxe, JJ.