The People of the State of New York, Respondent, v Roderick Johnson, Appellant. [804 NYS2d 162]—

Appeal from a judgment of the Monroe County Court (Frank P. Geraci, Jr., J.), rendered March 25, 2002. The judgment convicted defendant, upon a jury verdict, of murder in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict, of murder in the second degree (Penal Law § 125.25 [1]). We reject defendant's contention that reversal is required based on County Court's refusal to give a circumstantial evidence charge. Where, as here, the proof at trial consists of both "circumstantial and direct evidence, the court need not so charge the jury" (*People v Daddona*, 81 NY2d 990, 992 [1993]; *see also People v Holmes*, 204 AD2d 243, 244-245 [1994], *lv denied* 84 NY2d 868 [1994]). Contrary to the further contention of defendant, he was afforded effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]). Defendant's contention that the court erred in failing to require the People to reveal the identity of a confidential informant who disposed of what appeared to have been the murder weapon also is lacking in merit. "[T]he truly crucial factor in . . . [determining] whether an informer's identity should be disclosed] is the relevance of the informer's testimony to the guilt or innocence of the accused" (*People v Goggins*, 34 NY2d 163, 170 [1974], *cert denied* 419 US 1012 [1974]). Here, the confidential informant "played a marginal part" in the crime by disposing of a weapon, and that participation does not impact upon "the guilt or innocence of the accused" (*id.*). Thus, the court did not err in refusing to disclose the identity of the confidential informant.

Contrary to the further contention of defendant, his arrest

was based on probable cause. Indeed, the record establishes that, when the police discovered defendant hiding behind a piece of furniture, defendant admitted that he was the subject of an outstanding warrant (*see People v Gary*, 19 AD3d 1118 [2005]). Finally, the direct and circumstantial evidence is legally sufficient to support the conviction (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Present—Pigott, Jr., P.J., Green, Gorski, Smith and Lawton, JJ.