■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN GRIFFIN, Appellant. [816 NYS2d 86]—

Appeal by the defendant from a judgment of the County Court, Orange County (Rosenwasser, J.), rendered November 22, 2004, convicting him of murder in the second degree, criminal possession of a weapon in the fourth degree, and stalking in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, without a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the Supreme Court properly denied, without a hearing, that branch of his omnibus motion which was to suppress evidence seized pursuant to a search warrant. The affidavit upon which the warrant was issued contained information sufficient to support a reasonable belief that evidence of illegal activity would be present at the

premises to be searched (*see People v Pinchback,* 82 NY2d 857, 858 [1993]; *People v Paccione,* 259 AD2d 563 [1999]; *People v Kroll,* 162 AD2d 717 [1990]).

Moreover, in light of the direct evidence of the defendant's guilt, including his own statements to the police, the court properly declined to give the jury a circumstantial evidence charge (*see People v Daddona,* 81 NY2d 990 [1993]; *People v Rago,* 24 AD3d 210 [2005]; *People v Johnson,* 21 AD3d 1395 [2005], *lv denied* 5 NY3d 883 [2005]; *People v Johnson,* 293 AD2d 489 [2002]).

The defendant's claim that the court erred in submitting to the jury a count of depraved indifference murder as an alternative to intentional murder (*see People v Suarez,* 6 NY3d 202 [2005]) is foreclosed because the defendant was convicted of intentional murder and the jury, pursuant to the court's instructions, never reached the depraved indifference murder count (*cf. People v Falcon,* 281 AD2d 368, 369 [2001]). As a result, any error in submitting the depraved indifference murder count would have been harmless (*cf. People v Speight,* 158 AD2d 729, 729-730 [1990]).

The defendant's remaining contentions are without merit. Krausman, J.P., Mastro, Fisher and Covello, JJ., concur.