■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRY MANUEL, Appellant. [834 NYS2d 790]—

Appeal from a judgment of the Monroe County Court (John J. Connell, J.), rendered April 2, 2004. The judgment convicted defendant, upon a jury verdict, of murder in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of murder in the second degree (Penal Law § 125.25 [1]). Defendant contends that he was denied his constitutional right to a speedy trial based on the approximately 17-month delay between his arraignment and the commencement of trial. We reject that contention. Most of the delay resulted from defendant's seven attorney substitutions, some of which were made after defendant allegedly threatened his attorney (see People v Taranovich, 37 NY2d 442, 445-446 [1975]). Defendant also failed to show that he was prejudiced by the delay (see id. at 446-447; People v Morobel, 273 AD2d 871 [2000], lv denied 95 NY2d 906 [2000]). We likewise reject defendant's contention that reversal is required based on prosecutorial misconduct on summation, i.e., the prosecutor's use of the phrase "big conspiracy." "Reversal on grounds of prosecutorial misconduct 'is mandated only when the conduct has caused such substantial prejudice to the defendant that he has been denied due process of law' " (People v Rubin, 101 AD2d 71, 77 [1984], lv denied 63 NY2d 711 [1984], quoting People v Mott, 94 AD2d 415, 419 [1983]). Here, it cannot be said that defendant was denied due process of law based on the prosecutor's use of that phrase on summation.

We reject the further contention of defendant that his right to counsel was violated when he was forced to appear in an investigatory lineup after he had requested the assistance of counsel. "[A] request for counsel at [an investigatory] lineup will cause the right [to counsel] to attach only when the police are or become aware that the suspect is actually represented by counsel in a pending case" (People v Mitchell, 2 NY3d 272, 275 [2004]), and there is no indication in the record that defendant was so represented and, if so, that the police had such knowledge of the representation. Finally, "there is no basis for reversal [based on County Court's refusal to dismiss the depraved indifference murder count] because the jury only convicted defendant of intentional murder" (People v Diaz, 35 AD3d 226, 226 [2006]; see People v Griffin, 28 AD3d 578 [2006], lv denied 7 NY3d 789 [2006]). Present—Scudder, P.J., Smith, Fahey, Peradotto and Pine, JJ.