■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DWAYNE REED, Appellant. [836 NYS2d 205]—

Appeal by the defendant from a judgment of the County Court, Westchester County (Adler, J.), rendered July 8, 2003, convicting him of murder in the second degree, attempted murder in the second degree, criminal possession of a weapon in the second degree (two counts), criminal possession of a weapon in the third degree (three counts), reckless endangerment in the first degree, and unlawful wearing of a body vest, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that it was error to submit to the jury a count of depraved indifference murder (*see* Penal Law § 125.25 [2]) as an alternative to intentional murder (*see* Penal Law § 125.25 [1]) is foreclosed because the defendant was convicted of intentional murder and the jury, pursuant to the court's instructions, did not consider the depraved indifference murder count (*see People v Griffin*, 28 AD3d 578, 579 [2006]; *cf. People v Falcon*, 281 AD2d 368, 369 [2001]). As a result, any error in submitting the depraved indifference murder count was harmless (*cf. People v Speight*, 158 AD2d 729, 729-730 [1990]).

The Supreme Court properly denied the defendant's request for a jury charge on the affirmative defense of extreme emotional disturbance. The defendant presented no evidence that he suffered from a mental infirmity rising to the level of insanity at the time of the homicide, and his conduct was inconsistent with the loss of control associated with extreme emotional disturbance (*see People v Smith*, 1 NY3d 610, 612 [2004]; *People v Buckner*, 23 AD3d 492 [2005]; *People v Zamora*, 309 AD2d 957, 958 [2003]; *People v McDonald*, 199 AD2d 420 [1993]; *People v Tulloch*, 179 AD2d 794, 795 [1992]).

The defendant's remaining contention is without merit. Mastro, J.P., Rivera, Dillon and Carni, JJ., concur.