■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID SONACHANSINGH, Also Known as ARCHIE, Appellant. [859 NYS2d 782]—

Malone Jr., J. Appeal from a judgment of the County Court of Schenectady County (Giardino, J.), rendered April 21, 2006, upon a verdict convicting defendant of the crimes of murder in the second degree and reckless endangerment in the second degree.

Defendant was charged by indictment with intentional murder in the second degree, depraved indifference murder in the second degree, reckless endangerment in the first degree and unlawful imprisonment in the first degree based upon evidence that he fatally shot his wife and then held his stepdaughter hostage in their home in the City of Schenectady, Schenectady County. Prior to trial, County Court (Drago, J.) denied defendant's motion to dismiss the depraved indifference murder

charge, as well as his motion to reargue. Thereafter, at the close of the People's case, defendant again moved to dismiss the depraved indifference murder charge. County Court (Giardino, J.) reserved on that motion and, after defendant rested without presenting a case, the court, with the consent of the People, dismissed that count of the indictment. Defendant was convicted of intentional murder in the second degree and reckless endangerment in the second degree and was subsequently sentenced to an aggregate prison term of 25 years to life. He now appeals.

We reject defendant's contention that County Court erred by not granting his motion to dismiss the depraved indifference murder charge either pretrial or at the close of the People's case. According to defendant, he intended to testify that the shooting was reckless, but was unable to do so because the People would have used such testimony to establish depraved indifference murder. However, the Court of Appeals has made clear that the statutory provision requiring proof of a "depraved indifference to human life" (Penal Law § 125.25 [2]) requires more than "mere recklessness and risk" (*People v Suarez*, 6 NY3d 202, 214 [2005]), and defendant could have testified and argued that his acts constituted recklessness without also proving the People's theory of depraved indifference. Moreover, considering that this count was not submitted to the jury for its consideration, and in the absence of any demonstrable prejudice to defendant, we find any alleged error in this regard to be harmless (*see People v Rollins*, 51 AD3d 1279, 1281 [2008]; *People v Reed*, 40 AD3d 660, 661 [2007], *lv denied* 9 NY3d 849 [2007]; *People v Manuel*, 39 AD3d 1185, 1186 [2007], *lv denied* 9 NY3d 878 [2007]; *People v Griffin*, 28 AD3d 578, 579 [2006], *lv denied* 7 NY3d 789 [2006]).

The remaining contentions, all raised in defendant's pro se brief, are unpreserved for our review.

Mercure, J.P., Spain, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.