■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELI RIOS, Appellant. [917 NYS2d 152]—

Judgment, Supreme Court, Bronx County (Dominic R. Massaro, J.), rendered August 8, 2006, convicting defendant, after a jury trial, of murder in the second degree, criminal possession of a weapon in the second degree and escape in the first degree, and sentencing him, as a second felony offender, to an aggregate term of 25 years to life, unanimously modified, on the law, to the extent of reducing the escape conviction to third-degree escape and reducing the sentence, on the escape conviction only, to time served, and otherwise affirmed.

The People failed to prove an element of the crime of escape in the first degree (Penal Law § 205.15)—that defendant had been arrested for, charged with or convicted of a class A or class B felony—and the trial court's charge to the jury was not a proper substitute for this proof. "It is well settled that all the elements of an indicted crime which are not conceded by defendant or defendant's counsel must be charged" (*People v Flynn*, 79 NY2d 879, 881 [1992]; *see also People v Knowles*, 42 AD3d 662, 664 [2007]).

The court properly denied defendant's motion to suppress the lineup identifications. At the pretrial hearing, during which defendant did not testify, a detective testified that after the police took defendant into custody, defendant was advised of his *Miranda* rights. Defendant stated that he did not wish to speak to the detective and that he had an attorney. When asked whether defendant told him the name of his attorney or had the attorney's card, the detective replied, "Not that I remember." The detective testified that there was a phone outside the cell where defendant was held in custody and that he did not recall whether defendant asked to use the phone to call his attorney. While defendant was in custody, but before he was arrested, three lineups were conducted at which two witnesses identified

defendant as the shooter. Approximately three hours after the last lineup, defendant was arrested.

Although there is no "automatic entitlement to counsel at pre-accusatory, investigatory lineups," "the right to counsel at an investigatory lineup will attach . . . when counsel has actually entered the matter under investigation . . . [or] when a defendant in custody, already represented by counsel on an unrelated case, invokes the right by requesting his or her attorney" (*People v Mitchell*, 2 NY3d 272, 274 [2004]; *People v Coates*, 74 NY2d 244 [1989]). "Once the right to counsel has been triggered, the police may not proceed with the lineup without at least apprising the defendant's lawyer of the situation and affording the lawyer a reasonable opportunity to appear" (*Mitchell*, 2 NY3d at 274-275).

Notwithstanding that the trial court did not state its reasons for denying the pretrial motion, we credit the officer's testimony and agree with the court's conclusion. There is no proof in the record that counsel had actually entered the matter under investigation (*see People v Manuel*, 39 AD3d 1185 [2007], *lv denied* 9 NY3d 878 [2007]; *People v Frieson*, 36 AD3d 542 [2007], *lv denied* 9 NY3d 865 [2007]) or that defendant was already represented by counsel in an unrelated case and had invoked his right to counsel by requesting his attorney. "[A] notification that counsel exists . . . will not suffice" (*Mitchell*, 2 NY3d at 276). Nor did defendant's statement that he would not speak with the detective and that he had an attorney trigger his right to counsel at the pre-accusatory investigatory lineups, as defendant argues. The Court of Appeals noted in *People v Hawkins* (55 NY2d 474 [1982], *cert denied* 459 US 846 [1982]), when addressing the relatively limited role that counsel plays at investigatory lineups as contrasted with counsel's role at interrogations, that while a defendant has a constitutional right to refuse to answer questions, he or she has no constitutional right to refuse to stand in a lineup (at 486 n 5). Thus, the right to counsel at an investigatory lineup has been limited in New York to specific circumstances, none of which are shown to have existed here.

Finally, defendant has not demonstrated that the prosecutor suborned perjury, and the verdict with respect to murder in the second degree and criminal possession of a weapon in the second degree was based on legally sufficient evidence and was not against the weight of the evidence. Concur—Mazzarelli, J.P., Acosta, Richter, Abdus-Salaam and Román, JJ.