# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

609

KA 11-00321

PRESENT: SCUDDER, P.J., SMITH, CENTRA, LINDLEY, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

SHAWN G. GRANGER, DEFENDANT-APPELLANT.
(APPEAL NO. 3.)

---

KATHLEEN P. REARDON, ROCHESTER, FOR DEFENDANT-APPELLANT.

SHAWN G. GRANGER, DEFENDANT-APPELLANT PRO SE.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (HANNAH STITH LONG OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Jefferson County Court (Kim H. Martusewicz, J.), rendered May 26, 2010. The judgment convicted defendant, upon his plea of guilty, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) and two counts of criminal possession of a controlled substance in the third degree (§ 220.16 [1], [12]), defendant contends that his plea was involuntary based on allegedly coercive statements made by County Court during a pretrial conference with respect to defendant's sentencing exposure. Because he did not move to withdraw his plea or to vacate the judgment of conviction on that ground, defendant failed to preserve that contention for our review (*see People v Jackson*, 64 AD3d 1248, 1249, *lv denied* 13 NY3d 745; *People v Lando*, 61 AD3d 1389, *lv denied* 13 NY3d 746), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Defendant further contends that the court erred in conducting the *Darden* hearing in camera rather than in open court, and that the police did not timely file the search warrant return with the court, as required by CPL 690.50 (5). By pleading guilty, however, defendant forfeited those contentions. It is well settled that "[a] guilty plea generally results in a forfeiture of the right to appellate review of any nonjurisdictional defects in the proceedings" (*People v Fernandez*,

67 NY2d 686, 688), and defendant's contentions regarding the *Darden* hearing and the search warrant return do not fall within the exception to the general rule set forth in CPL 710.70 (2) for an order "finally denying a motion to suppress evidence" (*see generally People v Petgen*, 55 NY2d 529, 534, *rearg denied* 57 NY2d 674).

Although defendant's constitutional speedy trial challenge survives his guilty plea (*see People v Blakley*, 34 NY2d 311, 314; *People v Faro*, 83 AD3d 1569, 1569, *lv denied* 17 NY3d 858), we conclude that it lacks merit.  In view of the complex undercover investigation that led to defendant's arrest, the serious nature of the charges and the lack of prejudice to defendant, we conclude that the seven-month delay between defendant's commission of the first crime charged and his arrest and arraignment did not violate his constitutional right to a speedy trial (*see People v Jenkins*, 2 AD3d 1390, 1390-1391; *People v Morobel*, 273 AD2d 871, *lv denied* 95 NY2d 906; *see generally People v Taranovich*, 37 NY2d 442, 445).

Defendant's contention that he received ineffective assistance of counsel does not survive his guilty plea because "[t]here is no showing that the plea bargaining process was infected by any allegedly ineffective assistance or that defendant entered the plea because of his attorney['s] allegedly poor performance" (*People v Burke*, 256 AD2d 1244, *lv denied* 93 NY2d 851).  In any event, we reject defendant's contention that his attorney was ineffective based solely on his failure to file a demand for a bill of particulars (*see generally People v Ford*, 86 NY2d 397, 404).  Indeed, although defendant was eligible for sentencing as a persistent felony offender and faced consecutive sentences on multiple criminal transactions, defense counsel negotiated a favorable plea agreement pursuant to which defendant received concurrent sentences aggregating eight years in prison with three years of postrelease supervision.

We have reviewed defendant's remaining contentions, including those advanced in his pro se supplemental brief, and conclude that none requires reversal or modification of the judgment.

Entered:  June 29, 2012                    Frances E. Cafarell
                                           Clerk of the Court