# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

413

KA 11-01177

PRESENT: SCUDDER, P.J., PERADOTTO, LINDLEY, VALENTINO, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                              MEMORANDUM AND ORDER

DIARRA HILL, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROBERT B. HALLBORG, JR., OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DAVID PANEPINTO OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Penny M. Wolfgang, J.), rendered May 2, 2011.  The judgment convicted defendant, upon his plea of guilty, of robbery in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum:  On appeal from a judgment convicting him upon his guilty plea of robbery in the third degree (Penal Law § 160.05), defendant contends that Supreme Court should have dismissed the indictment on constitutional speedy trial grounds (*see People v Taranovich*, 37 NY2d 442, 444-445).  We reject that contention.  The 15-month delay between the time of defendant's arrest and the time of his plea was not unreasonable (*see People v Manuel*, 39 AD3d 1185, 1186, *lv denied* 9 NY3d 878; *People v Morobel*, 273 AD2d 871, 871, *lv denied* 95 NY2d 906).  In any event, much of the delay occurred because defendant, who had been transferred from jail to the psychiatric ward of a local hospital, had to be evaluated by psychiatrists to determine whether he was competent to proceed, and he refused to cooperate with the psychiatrists for several months.  Defendant also refused to take prescribed medication, thus making communication with his attorney difficult if not impossible.  Further delay was occasioned by the fact that the court, at defendant's request, assigned a new attorney to represent him.  Although defendant was in custody for much of the time, the charge was serious in nature; defendant threatened in writing to kill a bank teller if she did not promptly comply with his request to hand over money.  The court, in concluding that defendant's constitutional speedy trial rights were not violated, properly weighed the relevant factors set forth by the Court of Appeals in *Taranovich* (37 NY2d at 445).

Entered:  May 3, 2013                                        Frances E. Cafarell
                                                            Clerk of the Court