■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JESSE J. BARNES, Appellant. (Appeal No. 2.) [29 NYS3d 839]—Appeal from a resentence of the Ontario County Court (Frederick G. Reed, A.J.), rendered July 9, 2014. Defendant was resentenced upon his conviction of burglary in the second degree (two counts), grand larceny in the third degree (two counts), grand larceny in the fourth degree (two counts), and criminal mischief in the third degree (two counts).

It is hereby ordered that the resentence so appealed from is unanimously modified on the law by vacating the resentence imposed for grand larceny in the third degree under count two of the indictment, and as modified the resentence is affirmed, and the matter is remitted to Ontario County Court for sentencing on the conviction of petit larceny under count two of the indictment.

Same memorandum as in *People v Barnes* ([appeal No. 1] 139 AD3d 1371 [2016]). Present—Centra, J.P., Carni, DeJoseph, Curran and Scudder, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALPHEAUS DAILEY, Appellant. [29 NYS3d 839]—Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered April 18, 2013. The judgment convicted defendant, upon his plea of guilty, of robbery in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of robbery in the first degree (Penal Law § 160.15 [4]). Defendant contends that he was deprived of effective assistance of counsel inasmuch as Supreme Court forced him either to accept or to reject an existing plea offer after defendant complained that his attorney was not adequately representing him, but before the court assigned him new counsel. That contention does not survive the guilty plea because there is no indication in the record that the alleged ineffective assistance affected the plea that defendant later accepted (*see People v Petgen*, 55 NY2d 529, 534-535 [1982], *rearg denied* 57 NY2d 674 [1982]; *People v Granger*, 96 AD3d 1669, 1670 [2012], *lv denied* 19 NY3d 1102 [2012]). The sentence is not unduly harsh or severe. Present—Centra, J.P., DeJoseph, Curran and Scudder, JJ.