People v White (2020 NY Slip Op 07719)





People v White


2020 NY Slip Op 07719


Decided on December 22, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 22, 2020

Before: Friedman, J.P., Renwick, Singh, Kennedy, Shulman, JJ. 


Ind No. 1591/15 1591/15 Appeal No. 12697-12697A Case No. 2020-01636 

[*1]The People of the State of New York, Respondent,
v
Derrick White, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (John Vang of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Vincent Rivellese of counsel), for respondent.



Judgment, Supreme Court, New York County (Melissa C. Jackson, J. at pretrial disclosure rulings; Mark Dwyer, J. at jury trial and sentencing), rendered July 21, 2017, convicting defendant of criminal possession of a weapon in the second degree (two counts), assault in the second degree and reckless endangerment in the first degree, and sentencing him, as a persistent violent felony offender, to an aggregate term of 18 years to life; and order, same court (Dwyer, J.), entered on or about October 23, 2019, which denied defendant's CPL 440.10 motion to vacate the conviction, unanimously affirmed.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348 [2007]). There is no basis for disturbing the jury's determinations concerning identification and credibility. Two eyewitnesses made reliable identifications of defendant as the assailant, and defendant's challenges to those identifications are unpersuasive. The failure of other witnesses to identify defendant was satisfactorily explained, as was the lack of incriminating testimony from the shooting victim. In addition to the identifications, defendant was connected to the crime by strong circumstantial evidence. Furthermore, portions of recorded phone calls he made while awaiting trial had no reasonable explanation other than consciousness of guilt.
The court properly denied defendant's motion to vacate the conviction on the ground that his trial counsel was ineffective in failing to challenge the admission of cell site location information obtained without a warrant. Defendant has not satisfied either the reasonableness or prejudice prongs of a federal or state ineffectiveness claim (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]). The trial occurred before the Supreme Court of the United States decided Carpenter v United States (585 US __, 138 S Ct 2206 [2018]), and a challenge on the ground ultimately accepted in Carpenter would have required calling for a "change in . . . existing law" (People v Feliciano, 17 NY3d 14, 28 [2011]). Accordingly, it was objectively reasonable for counsel to rely on then-applicable precedent from this Court rendering the cell site information admissible (People v Hall, 86 AD3d 450, 451-452 [1st Dept 2011], lv denied 19 NY3d 961 [2012], cert denied 568 US 1163 [2013]). Furthermore, admission of the cell site information, a minor component of the People's strong case, neither deprived defendant of a fair trial nor affected the outcome. To the extent that defendant argues that, as part of his direct appeal, his unpreserved Carpenter claim should be reviewed as a matter of law on the ground that objection would have been futile, we reject that argument (see People v Crum, 184 AD3d 454, 455 [1st Dept 2020], lv denied 35 NY3d 1065 [2020]). To the extent defendant argues that the claim should be reviewed as a matter of discretion in the interest of justice, we decline to do so. [*2]As an alternative holding, we find that any error was harmless under all the circumstances of the case.
The court properly denied defendant's motion to suppress identification evidence, finding that defendant was not deprived of his limited right to counsel at a lineup. Defendant initially mentioned his attorney from another case when he declined to speak to the police, but the police informed him of the lineup only later, at which point he did not mention his attorney again or request the attorney's presence at the lineup (see People v Rios, 81 AD3d 489 [1st Dept 2011], lv denied 16 NY3d 898 [2011]). The right to have an attorney from an unrelated case, who has not entered the present case, attend an investigatory lineup is triggered by an unequivocal request made by a defendant in custody (id.). The fact that a detective attempted to contact the attorney from defendant's unrelated case did not create a request for the presence of counsel where none existed.
Defendant was not precluded from raising a third-party culpability defense. Defendant appears to be challenging a ruling by a motion court on pretrial disclosure matters that had nothing to do with the type of defense defendant would or would not be permitted to raise at trial. Defendant had a full opportunity to make a third-party culpability claim at trial, including by eliciting the fact that in a 911 call (that was apparently untraceable), an anonymous caller named a person other than defendant as the assailant.
Upon our in camera review of the record of a Darden hearing, we find that the court properly found that the police had probable cause to arrest defendant.
We have considered defendant's remaining arguments and find them to be unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 22, 2020